**TARTER KRINSKY & DROGIN LLP**
*Proposed Attorneys for Golden Seahorse dba Holiday Inn Manhattan Financial District*
*Debtor and Debtor-in-Possession*
1350 Broadway, 11th Floor
New York, New York 10018
(212) 216-8000
Scott S. Markowitz, Esq.
Rocco A. Cavaliere, Esq.
smarkowitz@tarterkrinsky.com
rcavaliere@tarterkrinsky.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x

| | | |
|---|---|---|
| In re: | : | |
| | : | Chapter 11 |
| Golden Seahorse LLC dba Holiday Inn | : | |
| Manhattan Financial District, | : | Case No.: 22- 11582 (PB) |
| | : | |
| Debtor. | : | |

------------------------------------------------------------ x

**DECLARATION OF JUBAO XIE PURSUANT TO LOCAL BANKRUPTCY RULE 1007-2 OF THE LOCAL BANKRUPTCY RULES FOR THE UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK**

I, Jubao Xie, declare, pursuant to section 1746 of title 28 of the United States Code, that:

1.      I, through my ownership of Hysendal USA LLC, am the managing member of Golden Seahorse LLC dba Holiday Inn Manhattan Financial District (the "Hotel" or "Debtor") a limited liability company organized under the laws of the State of Delaware. The Hotel intends to file a voluntary chapter 11 petition with the Clerk of this Court on or about November 29, 2022 (the "Petition Date"). I am duly authorized to make this declaration (the "Declaration") on behalf of the Debtor.

2.      I am familiar with the Debtor's day to day operations, business, and financial affairs, and books and records. I am above eighteen years of age and I am competent to testify.

3.      I submit this Declaration in accordance with Rule 1007-2 of the Local Rules of this court (the "Local Bankruptcy Rules") to assist this court (the "Court") and parties in interest in understanding the circumstances that compelled the commencement of the chapter 11 case,

and in support of the Debtor's petition for relief under chapter 11 of title 11 of the United States

Code (the "Bankruptcy Code").

4.      Except as otherwise indicated, all facts set forth in this Declaration are based upon

my personal knowledge and my discussions with other members of the Debtor's management

team.  If called as a witness, I could and would testify competently to the facts set forth in this

Declaration.

5.      Parts I through III of this Declaration provide an overview of the Debtor's

business, events giving rise to the commencement of this chapter 11 case and the Debtor's

capital structure.  Part IV sets forth the information required by Local Bankruptcy Rule 1007-2.

## I.   THE DEBTOR'S BUSINESS

6.      The Debtor operates the Hotel which is a full-service hotel located at 99

Washington Street, New York, NY 10006.  In addition to the Hotel, the Debtor also owns an

adjacent neighboring property at 103 Washington Street, New York, NY 10006, whereby the

Debtor leases space to the Amazon Restaurant and Bar dba St. George Tavern among other

retailers and residents. The Debtor constructed the Hotel between 2010 and 2014 and it opened

for business in October 2014.  Pursuant to a license/franchise agreement dated October 15, 2014,

the Hotel operates under the Holiday Inn flagship/brand.  The Hotel is fifty stories, the tallest

Holiday Inn in the world and consists of 492 rooms and includes a full service restaurant at the

Hotel.

7.      The Hotel is managed by Crescent Hotels & Resorts ("Crescent"), a third-party

unaffiliated management company that is known as one of the leading hotel management

companies in the industry. Many of the Hotel's employees are employed by Crescent and the

Hotel advances funds to Crescent to cover the payroll and related expenses. Crescent receives a

management fee of 1.5% of the Hotel's revenues.   In addition, the Hotel outsources its

2

housekeeping services with General Personnel Services Inc. which provides the Hotel with approximately 60 housekeeping employees.

8.      In or about September 2018, the Hotel obtained a $137,025,000 loan from Ladder Capital Finance LLC (the "Loan").  The Loan was ultimately split into four separate tranches and as of the Petition Date, three tranches in the amount of roughly $87 million are held by Wilmington Trust, National Trustee, as Trustee for the benefit of the Registered Holders of Commercial Mortgage Pass-Through Certificates Series 2019-C6, Wells Fargo Commercial Mortgage Trust 2018-C47, Commercial Mortgage Pass-Through Certificates, Series 2018-C47 and CSAIIL 2018-C14 Commercial Mortgage Trust, Commercial Mortgage Pass-Through Certificates, Series 2018-C14 (collectively, the "Lender") and one tranche in the amount of roughly $50 million is held by Triangle Capital Group LLC ("Triangle, together with Lender, the "Secured Creditors").  The Loan matures in September 2028.  The non-default interest rate under the Loan is 5.259%, which equates to approximately $620,000 in monthly interest payments. The Debtor was current on all payments under the Loan up until the onset of the Covid-19 pandemic in March 2020. As of the Petition Date, the full amount of the $137,025,000.00 in principal remains outstanding, together with unpaid interest.

9.      As the Court is aware, the Covid-19 pandemic devastated the New York City hotel industry, and the Debtor, like most of the New York City hotels, was closed from March 2020 through July 2020. Although the Debtor reopened the Hotel at the end of July 2020, occupancy levels in late 2020 were significantly below pre-pandemic levels requiring Debtor's ownership to lend millions of dollars to the Debtor to cover the Hotel's operating expenses.  The Hotel then experienced another setback in late December 2021 with the proliferation of the new Omicron variant, causing another shutdown of the tourism industry, forcing the Hotel to close yet again from January 2022 to April 2022.

10.     As a direct result of the Covid-19 pandemic, the Debtor defaulted on the Loan. Thereafter, the Lender, in 2021, swept all of the Debtor's funds in its separate cash management account that included sales taxes due to New York State and Hotel's occupancy taxes due to New York City.   The Debtor attempted to reach a consensual resolution with Midland Loan Services, the special servicer to the Lender but unfortunately, the Lender rejected the Debtor's overtures and proceeded to commence an action in March 2022 to, among other things, (i) foreclose on the mortgage, (ii) appoint a receiver and (iii) enjoin the Debtor from taking certain actions.  By Decision and Order dated September 27, 2022, the Honorable Frances A. Kahn, III granted the Lender's motion to appoint a receiver but denied the Lender its request for injunctive relief finding the Lender had not satisfied the factors for a preliminary injunction and that such relief was, in any event, superfluous, to the appointment of a receiver.

11.     Faced with the prospect of a complete loss of equity and value as well as the potential loss of rights under various contracts and licenses as a result of the appointment of the Receiver, the Debtor determined that Chapter 11 was necessary to preserve the Debtor's business and maximize value for all creditors and constituents.  As further discussed below, the Debtor commenced this chapter 11 case in order to attempt to negotiate a restructuring of the Loan or to utilize the provisions of the Bankruptcy Code to confirm a plan of reorganization over the Lender's objection. The Hotel's operations have greatly improved over the last six months and the Hotel's occupancy rate was approximately 92% in September 2022 and 90% in October 2022 with an ADR of over $200.   The Debtor's current cash flow is sufficient to meet the debt's service and tax escrow payments at the non-default rate under the Loan.

## II.     <u>EVENTS LEADING TO THE CHAPTER 11 CASE</u>

12.     Since the recession of year 2008/2009 there has been a major increase in hotel room supply in Manhattan. Growth of hotel average room rates has been stagnant for

4

approximately ten (10) years – only returning to 2008 levels in 2019, thus room rate increases were falling behind normal inflation during that period.

13.     As set forth above, the Hotel's financial woes are almost exclusively as result of Covid-19 pandemic. If not for the Covid-19 pandemic, the Debtor would not have defaulted on its mortgage payments under the Loan.

## III.    PRE-PETITION CAPITAL STRUCTURE AND INDEBTEDNESS

14.     As noted, the Debtor is a privately held limited liability company. Jubao Xie, directly or indirectly owns substantially all of the Debtor's equity.  As of the Petition Date, the Lender held approximately $87 million of the $137 million original Loan. In addition, Triangle Capital Group LLC recently acquired the B piece of the Loan in the principal amount of $50 million.

15.     Aside from the loan obligations to the Lender and Triangle Capital Group LLC, the Debtor has unsecured debt of approximately $1,300,000.00 and is obligated on loans totaling approximately $1,000,000.00 from the Debtor's owners. In addition to the foregoing, to the extent the Debtor is not able to successfully confirm a Plan or achieve another successful outcome or resolution with the Secured Creditors, the Debtor may face additional rejection damage claims from contract counterparties such as Holiday Inn and Crescent, among others.

## IV.    INFORMATION REQUIRED BY LOCAL BANKRUPTCY RULE 1007-2

16.     I have been advised that Local Bankruptcy Rule 1007-2 requires certain information related to the Debtor which is set forth below.

17.     In accordance with Local Bankruptcy Rule 1007-2(a)(3), there has been no prepetition committee of creditors formed in this chapter 11 case.

18.     In accordance with Local Bankruptcy Rule 1007-2(a)(4), **Exhibit A** hereto is a list containing the names, addresses, and, where available, telephone and facsimile numbers of

5

the creditors holding the twenty (20) largest unsecured claims (excluding insiders) against the Debtor.

19.     In accordance with Local Bankruptcy Rule 1007-2(a)(5), **Exhibit B** hereto is a list containing the names, addresses, and, where available, telephone and facsimile numbers of the creditors holding the five (5) largest secured claims against the Debtor.

20.     In accordance with Local Bankruptcy Rule 1007-2(a)(6), **Exhibit C** hereto is a list containing a summary of the Debtor's assets and liabilities.

21.     To the best of my knowledge, none of the Debtor's property is in the possession or control of any custodian, public officer, mortgagee, pledgee, assignee of rents, or secured creditor, or agent for any such entity. However, as set forth above, the state court recently granted a motion to appoint a receiver but the receiver has not yet qualified.

22.     In accordance with Local Bankruptcy Rule 1007-2(a)(9), **Exhibit D** hereto is a list of the premises leased, or held under other arrangement, from which the Debtor operates its business.

23.     In accordance with Local Bankruptcy Rule 1007-2(a)(10), **Exhibit E** hereto is a list providing the location of the Debtor's substantial assets, the location of its books and records, and the value of any assets held by the Debtor outside the territorial limits of the United States.

24.     In accordance with Local Bankruptcy Rule 1007-2(a)(11), **Exhibit F** hereto is a list of litigation commenced against the Debtor.

25.     In accordance with Local Bankruptcy Rule 1007-2(a)(12), **Exhibit G** hereto is a list containing the names of the individuals who comprise the Debtor's existing senior management, with its tenure with the Debtor, and a brief summary of its relevant responsibilities and experience. The Debtor intends to continue to operate and debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

26.     In accordance with Local Bankruptcy Rule 1007-2(b)(1), **Exhibit H** hereto is the estimated amount of the payroll to employees of the Debtor (exclusive of officers, directors and stockholders) for the 30-day period following the commencement of the Debtor's chapter 11 case.

27.     In accordance with Local Bankruptcy Rule 1007-2(b)(2)(A), **Exhibit I** hereto contains the amounts to be paid to the Debtor's officers, directors, and stockholders for services for the 30-day period following the commencement of the Debtor's chapter 11 case.

28.     In accordance with Local Bankruptcy Rule 1007-2(b)(3), **Exhibit J** hereto contains the estimated cash receipts and disbursements, net cash gain or loss, obligations and receivables expected to accrue but remain unpaid, other than professional fees, for the 30-day period following the commencement of the Debtor's chapter 11 case.

Under 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed this 16th day of November 2022

/s/ Jubao Xie
_____
Jubao Xie

**EXHIBIT A**

**GOLDEN SEAHORSE LLC**

**LIST OF TWENTY (20) LARGEST UNSECURED CREDITORS**

| Fill in this information to identify the case: | |
|---|---|
| Debtor name | **Golden Seahorse LLC** |
| United States Bankruptcy Court for the: | **SOUTHERN DISTRICT OF NEW YORK** |
| Case number (if known): | 22-11582-pb |

☐ Check if this is an

amended filing

## Official Form 204

### Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders
**12/15**

A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| H.I. Wall Street Hotel Investo Manhattan Regional Center 158-13 72nd Ave, Suite 2D Fresh Meadows, NY 11365 | | Loan | | | | $4,000,000.00 |
| Intercontinental Hotels Group PO Box 101074 Atlanta, GA 30392 | | License Fees | | | | $350,994.86 |
| NYS Sales Tax Processing PO Box 15172 Albany, NY 12212 | | Sales Taxes | | | | $270,000.00 |
| NYC Department of Finance P.O. Box 3646 New York, NY 10008 | | Hotel Occupancy Taxes | | | | $220,000.00 |
| U.S. Small Business Administra 409 Third St. SW Washington, DC 20416 | | EIDL Loan | | | | $189,000.00 |
| General Personnel Services Inc 3907 Prince Street #5BB Flushing, NY 11354 | | Trade | | | | $92,258.60 |
| Ritz Hotels Services 179 Lafayette St. Paterson, NJ 07501 | | Trade | | | | $61,906.57 |
| Oracle America Inc. PO Box 203448 Dallas, TX 75320 | | Trade | | | | $29,433.07 |

| Debtor | Golden Seahorse LLC | | Case number (if known) | 22-11582-pb |
|---|---|---|---|---|
| | Name | | | |

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| Constellation New Energy, Inc. PO Box 4640 Carol Stream, IL 60197 | | Utility | | | | $21,903.11 |
| Jai Mon Tour 1350 Rue Royale Trios Rivieres QB G9A 4J4 | | Trade | | | | $19,788.90 |
| HD Supply Facilities Maintenan P.O. Box 509058 San Diego, CA 92150 | | Trade | | | | $19,720.29 |
| Expedia Group 1111 Expedia Group Way Seattle, WA 98119 | | Trade | | | | $18,784.28 |
| Crescent Hotels & Resorts LLC 10306 Eaton Place Suite 430 Fairfax, VA 22030 | | Management Agreement | | | | $17,855.96 |
| Marsh USA Inc. PO Box 846015 Dallas, TX 75284 | | Trade | | | | $17,381.36 |
| BOOKING.COM BV 5295 Paysphere Circle Chicago, IL 60674 | | Trade | | | | $14,932.82 |
| NYC Water Board PO Box 11863 Newark, NJ 07101 | | Water Charges | | | | $13,286.44 |
| Casey Fire Systems Inc. 39-27 59th Street Woodside, NY 11377 | | Trade | | | | $10,311.24 |
| Agoda International USA Inc. PO Box 735562 Dallas, TX 75373 | | Trade | | | | $8,300.90 |
| Bigintel FSS & Security Manage 47-46 45th Street Suite 3F Woodside, NY 11377 | | Trade | | | | $8,291.92 |
| Hewlett-Packard Financial Serv PO Box 402582 Atlanta, GA 30384 | | Trade | | | | $6,777.28 |

**EXHIBIT B**

**GOLDEN SEAHORSE LLC**

**LIST OF FIVE (5) LARGEST SECURED CREDITORS**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------- x

In re:                                                        :
                                                              :     Chapter 11
Golden Seahorse LLC dba Holiday Inn                           :
Manhattan Financial District,                                :     Case No.: 22-11582 (PB)
                                                              :
                                        Debtor.               :
-------------------------------------------------------------- x

## LIST OF CREDITORS HOLDING 5 LARGEST SECURED CLAIMS

    *Following is a list of the debtor's creditors holding the 5 largest secured claims. The list is prepared in accordance with Rule 1007-2(a)(5) of the Local Rules of this court for the filing in this Chapter 11 case.*

| *NAME OF CREDITORS AND COMPLETE MAILING ADDRESS (INCLUDING ZIP CODE)* | *NAME, TELEPHONE NUMBER AND COMPLETE MAILING ADDRESS (INCLUDING ZIP CODE) OF EMPLOYEE, AGENT, OR DEPARTMENT (IF DIFFERENT FROM MAILING ADDRESS) OF CREDITOR FAMILIAR WITH CLAIM* | *AMOUNT OF CLAIM* | *DESCRIPTION AND EST. VALUE OF COLLATERAL SECURING CLAIM* |
|---|---|---|---|
| Wilmington Trust, National Trustee, as Trustee for the benefit of the Registered Holders of Commercial Mortgage Pass-Through Certificates Series 2019-C6, Wells Fargo Commercial Mortgage Trust 2018-C47, Commercial Mortgage Pass-Through Certificates, Series 2018-C47 and CSAIIL 2018-C14 Commercial Mortgage Trust, Commercial Mortgage Pass-Through Certificates, Series 2018-C14<br><br>100 North Market Street<br>Wilmington, DE 19801 | | $87,025,000 | Mortgage |
| HI FIDI B NOTE OWNER LLC<br>c/o Triangle Capital Group LLC<br>452 Fifth Avenue<br>30th Floor<br>New York, NY 10018 | | $50,000,000 | Mortgage |

## DECLARATION UNDER PENALTY OF PERJURY

I, Jubao Xie, the managing member of Hysendal USA LLC, the sole member of the debtor in this case, declare under penalty of perjury that I have read the foregoing list of creditors holding the five (5) largest secured claims and that it is true and correct to the best of my information and belief.

Dated:  New York, New York
       November 16, 2022

/s/ Jubao Xie
_____
Jubao Xie, Managing Member of Hysendal USA
LLC, Sole Member of the Debtor

**EXHIBIT C**

**GOLDEN SEAHORSE LLC**

**BALANCE SHEET**

**GOLDEN SEAHORSE LLC**
**ESTIMATED STATEMENT OF ASSETS AND LIABILITIES**
**As of 11/15/2022**

## ASSETS

Current Assets:

| | |
|---|---|
| Cash | 2,175,064.38 |
| Accounts Receieable | 288,000.00 |
| Prepaid Expenses | 1,894,427.01 |
| Total Current Assets | 4,357,491.39 |

Property & Equipment:

| | |
|---|---|
| Real Estate/Air Rights | 165,000,000.00 |
| Furniture, Fixtures & Equipment | 8,186,125.37 |
| Software | 58,845.53 |
| **Total Assets** | **$177,602,462.00** |

## LIABILITIES

Current Liabilities:

| | |
|---|---|
| Accounts Payable (Trade) | 600,000.00 |
| Taxes Payable | 490,000.00 |
| Total Current Liabilities | 1,090,000.00 |

Long Term Liabilities:

| | |
|---|---|
| Secured Debt (Principal) | 137,025,000.00 |
| EIDL | 189,900.00 |
| Money Due to Owner | 1,000,000.00 |
| EB-5 Loan to Debtor's Sole Member | 4,000,000.00 |
| Total Long Term Liabilities | 142,214,900.00 |
| **Total Liabilities:** | **$143,304,900.00** |

**EXHIBIT D**

**GOLDEN SEAHORSE LLC'S OWNED PREMISES**

| Owned Premises |
| --- |
| 99 Washington Street<br>New York, New York 10006 |
| 103 Washington Street<br>New York, New York 10006 |

# EXHIBIT E

## GOLDEN SEAHORSE LLC

| Location of Debtor's Substantial Assets |
| --- |
| 99 Washington Street<br>New York, NY 10006 |
| 103 Washington Street<br>New York, NY 10006 |

| Location of Debtor's Books and Records |
| --- |
| 103 Washington Street<br>New York, NY 10006 |
| 1965 Waddle Road<br>State College, PA 16803 |

**EXHIBIT F**

**GOLDEN SEAHORSE LLC**

**SIGNIFICANT LITIGATION COMMENCED AGAINST THE DEBTOR PRIOR TO THE
PETITION DATE**

| Title of Action | Court | Nature of Action | Status |
|---|---|---|---|
| Wilmington Trust, National Association, as Trustee for the benefit of the registered holders of Commercial Mortgage Pass-Through Certificates Series 2018-C6 v. Golden Seahorse LLC et al.<br>Index No.: 850073/2022 | Supreme Court, County of New York | Mortgage Foreclosure | Pending |

**EXHIBIT G**

**GOLDEN SEAHORSE LLC**

**DEBTOR'S EXISTING SENIOR MANAGEMENT**

| Name/Position | Summary of Responsibilities and Experience |
|---|---|
| Jubao Xie/Managing Member of Hysendal USA LLC, the Sole Member of Golden Seahorse LLC | General management oversight |

**EXHIBIT H**

**GOLDEN SEAHORSE LLC**

**ESTIMATED AMOUNT OF WEEKLY PAYROLL TO EMPLOYEES EXCLUSIVE OF
OFFICERS, DIRECTORS, AND SHAREHOLDERS FOR THE 30-DAY PERIOD
FOLLOWING THE PETITION DATE[1]**

| Week Ending | Estimated Gross Payroll |
|---|---|
| 12/2/2022 | $100,998.00 |
| 12/9/2022 | $100,988.00 |
| 12/16/2022 | $100,988.00 |
| 12/23/2022 | $100,988.00 |

---

[1] This includes outsourced labor for housekeeping and related services.

**EXHIBIT I**

**GOLDEN SEAHORSE LLC**

**ESTIMATED AMOUNT OF WEEKLY PAYROLL TO OFFICERS, DIRECTORS, AND SHAREHOLDERS FOR THE 30-DAY PERIOD FOLLOWING THE PETITION DATE**

| Week Ending | Estimated Gross Payroll |
|---|---|
| 12/2/2022 | $3,262.00 |
| 12/9/2022 | $3,262.00 |
| 12/16/2022 | $3,262.00 |
| 12/23/2022 | $3,262.00 |

**EXHIBIT J**

**GOLDEN SEAHORSE LLC**

**DEBTOR'S ESTIMATED CASH DISBURSEMENTS AND RECEIPTS FOR THE 30-DAY
PERIOD FOLLOWING THE PETITION DATE**

| | |
|---|---|
| Cash Receipts | $2,689,043.00 |
| Cash Disbursements | $1,956,277.00 |
| Net Cash Gain (Loss) | $732,766.00 |