**TARTER KRINSKY & DROGIN LLP**
*Proposed Attorneys for Golden Seahorse, LLC*
*Debtors and Debtors-in-Possession*
1350 Broadway, 11th Floor
New York, New York 10018
(212) 216-8000
Scott S. Markowitz, Esq.
Rocco A. Cavaliere, Esq.
smarkowitz@tarterkrinsky.com
rcavaliere@tarterkrinsky.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- x
In re:                                                        :
                                                              :    Chapter 11
GOLDEN SEAHORSE, LLC                                          :
dba Holiday Inn Manhattan Financial District,[1]              :    Case No. 22-11582 (PB)
                                                              :
                 Debtor.                                      :
------------------------------------------------------------- x

**DEBTOR'S MOTION FOR INTERIM AND FINAL ORDERS AUTHORIZING
THE DEBTOR TO MAKE PAYMENT OF (I) PRE-PETITION WAGES,
SALARIES, PAYROLL TAXES AND REIMBURSEABLE EXPENSES,
(II) ALL EMPLOYEE BENEFITS, INCLUDING HEALTH INSURANCE AND
RELATED BENEFITS, AND (III) GRANTING RELATED RELIEF**

TO:   THE HONORABLE PHILIP BENTLEY
      UNITED STATES BANKRUPTCY JUDGE

By this motion (the "Motion"), Golden Seahorse LLC, dba Holiday Inn Manhattan Financial District (the "Debtor") as debtor and debtor-in-possession (the "Debtor"), respectfully submits this Motion for an order in accordance with §§ 105(a), 363(b), 507(a)(4), (5) and (8), and 541(d) of Title 11 of the United States Code, 101-1532, as amended (the "Bankruptcy Code") and the "Doctrine of Necessity", authorizing the Debtor to pay certain (i) pre-petition priority wages and salaries, subject to the cap under §§ 507(a)(4) and (a)(5), and other employee benefits including vacation, health insurance and related benefits (collectively, the "Employee

---

[1] The Debtor's last four digits of its tax identification number is 4770. The Debtor's principal place of business is 99 Washington Street, New York, New York 10006.

089271\1\170007568.v2

Obligations"), and (ii) granting related relief. The Debtor also requests this Court issue an order authorizing any and all applicable banks and other financial institutions to pay checks issued to pay such Employee Obligations.[2] In support of the Motion, the Debtor respectfully represents and states as follows:

**PRELIMINARY STATEMENT**

1. As more fully set forth in the *Declaration of Jubao Xie Pursuant to Local Bankruptcy Rule 1007-2 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York* (the "First Day Declaration"), the Debtor operates a full-service hotel located at 99 Washington Street, New York, NY 10006 (the "Hotel"). In addition to the Hotel, the Debtor also owns an adjacent neighboring property at 103 Washington Street, New York, NY 10006, whereby the Debtor leases space to the Amazon Restaurant and a bar doing business as St. George Tavern, among other retailers and residents. The Hotel, comprised of 492 rooms and a full-service restaurant, operates as a Holiday Inn in accordance with a license/franchise agreement dated October 15, 2014.

2. The Hotel is managed by Crescent Hotels & Resorts ("Crescent"), a third-party unaffiliated management company that is known as one of the leading hotel management companies in the industry. There are a total of 94 individuals that provide services for the Debtor either as direct employees of the Debtor or as contracted to the Debtor from third parties (the "Employees")[3] that can be broken down as follows. First, 31 of these Employees are employed by Crescent and the Debtor advances funds to Crescent to cover the payroll and

---

[2] To the extent necessary, the Debtor also requests authority to pay any and all processing fees, if any, associated with, and all costs incident to payment of the Employee Obligations, including any associated federal and state payroll taxes, including, among other things, social security, and Medicare taxes, as well as amounts for state and federal unemployment insurance, required to be collected or paid in connection with unpaid wages and salaries.

[3] The use of the definition of Employees in this Motion is not intended to create or imply an employer-employee relationship between the Debtor and those individuals that perform services at the Hotel pursuant to contracts with Crescent and General Personnel (defined below).

2

related expenses for these employees. Second, the Debtor outsources its housekeeping services with General Personnel Services, Inc. ("General Personnel") which provides the Hotel with 61 housekeeping Employees. Finally, aside from the foregoing, there are 2 Employees in management roles that are employed directly by the Debtor.

3. By this Motion, the Debtor requests an order (i) authorizing the Debtor to pay all of the Employee Obligations described herein that were incurred prior to the Petition Date (as defined below) and (ii) authorizing any and all applicable banks and other financial institutions to pay checks issued in connection with such Employee Obligations.

4. The Debtor respectfully submits that the payment of the Employees' pre-petition wages and other benefits, including healthcare benefits, is essential to maintain the Debtor's relationship with its Employees. Failure to pay pre-petition wages of the Employees will irreparably impair employee morale at the very time when the dedication, confidence and cooperation of these Employees are most critical. The Debtor faces the risk that operations may be severely impaired if authority for the Debtor to make the payments described herein is not granted.

5. The Employees require their wages to meet their own personal obligations. Absent the relief requested herein, the Employees will suffer undue hardship and likely financial difficulties, and potentially seek other employment.

**JURISDICTION AND VENUE**

6. This Court has jurisdiction over this Motion under 28 U.S.C. §§157 and 1334, and the order of reference, dated July 10, 1984 (Ward, C.J.) as amended by the Amended Standing Order of Reference dated January 31, 2012 (Preska, C.J.). This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue of this proceeding and this Motion in this

3

District is proper under 28 U.S.C. §§ 1408 and 1409. The statutory basis for the relief requested is §§ 105, 363(b), 507(a)(4), (5), and (8) and 541(d) of the Bankruptcy Code. In addition, to the extent necessary, the Debtor submits that the "Doctrine of Necessity" is applicable here.

## BACKGROUND

7. On November 29, 2022 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code and intends to continue in the operation of its business as a debtor-in-possession pursuant to §§ 1107 and 1108 of the Bankruptcy Code.

8. The background of the Debtor and the circumstances which led to the filing of this bankruptcy case are fully set forth in the First Day Declaration, which is incorporated herein by reference.

## RELIEF REQUESTED

9. As noted, there are 94 Employees that provide services for the Debtor in connection with its business operations. None of the Employees are "union" employees and thus all Employees are either hired directly by the Debtor or are "independent contractors" provided to the Debtor by Crescent or General Personnel, as more fully set forth herein. In order to avoid any disruption of the Debtor's operations due to the failure to pay Employee Obligations on a timely basis, it is imperative that the first day hearing to consider this Motion and other first day motions takes place no later than the morning of Friday, December 2, 2022 (and preferably sooner, if possible).

10. By this Motion, the Debtor seeks authority to pay all Employee Obligations to all Employees, including those contracted to the Debtor by Crescent and General Personnel. The Employee Obligations owed to the Employees that were earned within 180 days of the Petition Date are less than the statutory amounts set forth in §§ 507(a)(4) and (a)(5) of the Bankruptcy

4

Code.  The Employee Obligations are broken down as follows:

### (a)     Unpaid Wages and Salaries and Payroll Taxes

11.     As is typical for most businesses, the Debtor pays its wages and salaries in arrears.  The Debtor's Employees are paid on a weekly basis every Friday, one week in arrears. Prior to the filing, on Friday, November 25, 2022, the Debtor paid its Employees, including those contracted to the Debtor by Crescent, as more fully set forth below, for their work performed in the period from Saturday, November 12, 2022 to Friday, November 18, 2022, for which roughly $45,300, including payroll taxes were due and payable.  As some of the Employees' payroll checks may not yet have been cashed for the most recent pre-petition payroll, the Debtor hereby seeks authority to compel banks to honor payroll checks.

12.     In addition, the Debtor is required to pay its Employees on (i) Friday, December 2, 2022, for the work performed last week, *i.e.* Saturday, November 19, 2022 to Friday, November 25, 2022, which includes certain prepetition services, and (ii) next Friday, December 9, 2022 for work performed from Saturday, November 26, 2022 up until the Petition Date.  In total, the Debtor estimates all pre-petition wages, including payroll taxes, which accrued from November 19, 2022 up to the Petition Date, aggregates $56,242.85, and thus the Debtor seeks authority to satisfy all prepetition wages. No individual employee, including officers and directors, are owed more than $13,650 on account of unpaid wages.

13.     Under the terms of the Hotel Management Agreement dated June 24, 2014 (the "Management Agreement"), Crescent provides 31 Employees to the Debtor, and in exchange, the Debtor pays a monthly management fee as well as all salary costs borne by Crescent for the Employees provided to the Debtor pursuant to the Management Agreement.   As of the Petition Date, the amounts outstanding to Crescent equal roughly $42,000 per week, including all salary

5

and benefits, which amounts relate to the services rendered by Employees contracted to the Debtor by Crescent.  By the Motion, the Debtor seeks the authority to make all outstanding payments for Employee Obligations to Crescent that accrued prior to the Petition Date in the ordinary course of business, with the next expected payment to Crescent due in early December 2022.

14. Under the terms of the Contractor and Staffing Agreement dated June 6, 2022, General Personnel provides 61 housekeeping Employees to the Debtor on a weekly basis at an expense of approximately $58,960 per week.  General Personnel invoices the Debtor on a weekly basis based on services provided one week earlier.  The Debtor is required to make payment to General Personnel within 30 days of receipt of such invoice.  As of the Petition Date, the amounts outstanding to General Personnel equal $147,187.74 which amounts relate to the services rendered by Employees contracted to the Debtor by General Personnel for the period from October 31, 2022 to the Petition Date.  By the Motion, the Debtor seeks the authority to make these payments to General Personnel for Employee Obligations that accrued prior to the Petition Date in the ordinary course of business.

    **(b)**     **Employee Benefit Plan Obligations, Including Health Care Insurance, and Other Insurance Benefits**

15. Aside from wages and salaries, in the ordinary course of business, the Debtor provides funds to cover health insurance to its Employees and advances funds to Crescent and General Personnel to cover health insurance for those Employees contracted to the Debtor. Depending on the options selected by the employees and the terms of eligibility, the Debtor's responsibility for coverage as well as the required employee contributions for health benefits will vary. The Debtor estimates that as of the Petition Date, approximately $996.08 in accrued and unpaid healthcare benefit contributions was owed on behalf of the Employees.  These amounts

6

qualify for priority claim status under § 507(a)(5). Through this Motion, the Debtor seeks the authority to pay all of the foregoing healthcare benefit contributions.

16. In addition to the foregoing, the Hotel matches 401(k) contributions for its Employees at a cap of 3% of the Employees' contribution.

17. By this Motion, the Debtor seeks the authority to make payment on account of all of the foregoing healthcare benefits and other benefits that accrued prior to the Petition Date.

### (c) Accrued Vacation and Paid Time Off

18. In the ordinary course of business, the Debtor maintains certain policies with respect to vacation time and sick leave (collectively, "Vacation"). Vacation time begins to accrue immediately upon an employee's hiring date and an employee is eligible for vacation after six months of service. In the period prior to the Petition Date, as of October 31, 2022, the Debtor's books and records reflect accrued Vacation in the amount of $53,409.54 on account of 2,852.93 vacation hours owing to various Employees. This amount, however, is not a current cash payment obligation, as Employees only are entitled to receive a cash payment for accrued and unpaid Vacation time if such Employees were to leave the Debtor's employ. Otherwise, Vacation time is used by the Employees and satisfied by the Debtor in the ordinary course of business.

### (d) Reimbursement of Expenses

19. In the ordinary course of the Debtor's business, the Debtor reimburses its Employees for reasonable and customary expenses incurred in the scope of their employment and on behalf of the Debtor. These expense reimbursements include, among other things, travel expenses, cleaning or food supplies and other goods purchased by such Employees for the benefit of the Debtor' business. While expense reimbursements fluctuate from time to time, in a

typical month, the Debtor, on average, makes expense reimbursements of approximately $3,000 per month. Currently, the Debtor believes they only owe approximately $1,500 on account of expense reimbursements. Out of an abundance of caution, because Employees will sometimes delay the submission of requests for expense reimbursements, the Debtor seeks the authority to make expense reimbursements in the total amount of $3,000, which the Debtor believes will more than adequately cover any unpaid expenses.

## BASIS FOR RELIEF REQUESTED

20. The Debtor seeks the approval of this Court and its authority to pay the Employee Obligations to its Employees. It is well settled that a bankruptcy court may authorize the payment of pre-petition obligations where necessary. Payment of pre-petition obligations is rooted in the common-law "necessity of payment" doctrine, which courts have consistently applied where failure to pay pre-petition obligations posed a real and significant threat to a debtor's reorganization. See, e.g., In re Lehigh Valley Railroad Co., 558 F.2d 137 (3d Cir. 1977); In re Penn Central Transp. Co., 467 F.2d 100 (3d Cir. 1972).

21. In a line of well-established cases, the doctrine was first applied beginning with railroad reorganizations dating back to the turn of the century. See, e.g., Gregg v. Metropolitan Trust Co., 197 U.S. 183 (1905) ("the payment of the employees of the [rail]road is more certain to be necessary in order to keep it running than payment of any other class of previously incurred debt"); Miltenberger v. Logansport Railway, 106 U.S. 286 (1882) (payment of pre-receivership claim prior to reorganization permitted to prevent "stoppage of . . . [crucial] business relations").

22. In Ionosphere Clubs, 98 B.R. 174 (Bankr. S.D.N.Y. 1989), this Court recognized that an order authorizing a debtor to pay certain pre-petition wages, salary, medical benefit and business expense claims can be justified by the necessity of payment doctrine, because such

8

payments are necessary to preserve and protect the debtor's business. 98 B.R. at 175-76. Similarly, in In re Gulf Air, Inc., 112 B.R. 152 (Bankr. W.D. La 1989), the court found that payment of pre-petition employee wage claims was essential to the debtor's reorganization efforts because, without payment, many skilled employees would abandon the debtor's operations. See, also, In re Marine Optical, Inc., 10 B.R. 893 (B.A.P.D. Mass, 1981) (court authorized post-petition payments of pre-petition employee claims including wages and other benefits which would be entitled to priority under 11 U.S.C. §507(a)(3) (as amended, currently 11 U.S.C. §507(a)(4))); Matter of Northern Pipeline Construction Co., 2 C.B.C. 2d, 475, 477 (Bankr. D. Minn. 1980) (debtor obtained authority to pay, on a post-petition basis, pre-petition employee related claims as such payments were in the best interest of the estate and would not significantly affect unsecured creditors); In re Chateaugay Corp., 80 B.R. 279 (Bankr. S.D.N.Y. 1987) (authorizing debtor to make "selective" pre-petition payments and finding that such payment were not in violation of §507 of the Code.

23. As discussed, the "necessity of payment" doctrine is completely applicable in the instant situation. Without assurances that pre-petition obligations will be satisfied, the Debtor risks losing the Employees and maintaining goodwill. The Debtor's maintenance of its work force and its goodwill is essential to its operations, and ultimately to preserving and enhancing the value of its estate for the Debtor and its creditors. The Debtor's situation provides compelling justification for the relief requested.

24. The modern day analogue to the "necessity of payment" doctrine appears in §105(a) of the Bankruptcy Code, which provides, in pertinent part:

> "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."

U.S.C. §105(a). Since payment of the pre-petition obligations set forth in the Motion is crucial

9

to Debtor's preservation of its assets, this Court has the authority to order such payment by virtue of §105(a) of the Bankruptcy Code. Bankruptcy courts in this District routinely grant authority to debtors-in-possession to pay Employee Obligations, as long as they are within the "cap" established under § 507 of the Bankruptcy Code. Each of the Employees that are owed prepetition wages fall within the "cap" under § 507 of the Bankruptcy Code.

25.   Moreover, the relief requested in this Motion satisfies Bankruptcy Rule 6003 which provides that to the extent "relief is necessary to avoid immediate and irreparable harm", a bankruptcy court may approve a motion to "pay all or part of a claim that arose before the filing of the petition" prior to 21 days after the Petition Date. As indicated herein, failure to pay the Employee Obligations would likely result in the departure of many critical Employees, thereby adversely affecting the Debtor's business operations.

26.   Finally, the Debtor seeks a waiver of the notice requirements of Bankruptcy Rule 6004(a) and the 14-day stay of an order authorizing the use, sale or lease of property under Bankruptcy Rule 6004(h).

## **NOTICE**

27.   The Debtor has served this Motion upon (a) the U.S. Trustee, (b) Crescent, (c) General Personnel, (d) counsel to the Prepetition Lenders, (e) the Internal Revenue Service, and (f) each of the Debtor's top 20 creditors. The Debtor submits that in light of the facts and circumstances of the case and the nature of the relief requested herein, such notice is sufficient and no other or further notice is required.

**WHEREFORE**, the Debtor requests entry of an order, annexed hereto as **Exhibit "A"**, authorizing payment of the Employee Obligations to its Employees and granting the Debtor such and further relief as the Court seems just and proper.

Dated: New York, New York
November 29, 2022

                                **TARTER KRINSKY & DROGIN LLP**
                                *Proposed Attorneys for Golden Seahorse, LLC*
                                *Debtor and Debtor-in-Possession*

By:    /s/ Scott S. Markowitz
        Scott S. Markowitz, Esq.
        Rocco A. Cavaliere, Esq.
        1350 Broadway, 11th Floor
        New York, New York 10018
        (212) 216-8000
        smarkowitz@tarterkrinsky.com
        rcavaliere@tarterkrinsky.com

**EXHIBIT A**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------- x
In re:                                                           :
                                                                 :    Chapter 11
GOLDEN SEAHORSE, LLC                                             :
dba Holiday Inn Manhattan Financial District,[1]                 :    Case No. 22-11582
                                                                 :
                         Debtor.                                 :
----------------------------------------------------------------- x

# INTERIM ORDER AUTHORIZING THE DEBTOR TO MAKE PAYMENT OF (I) PRE-PETITION WAGES, SALARIES, PAYROLL TAXES AND REIMBURSEABLE EXPENSES, (II) ALL EMPLOYEE BENEFITS, INCLUDING HEALTH INSURANCE AND RELATED BENEFITS, AND (III) GRANTING RELATED RELIEF

Upon consideration of the Debtor's motion for entry of an order authorizing the Debtor to make payment of Employee Obligations[2] (the "Motion"); and it appearing to the Court the Debtor has provided proper and adequate notice of the Motion and further demonstrated the relief is necessary to avoid immediate and irreparable harm; and upon the record established at the hearing held on December ____, 2022 including the declaration of Jubao Xie dated November 16, 2022 in support of the Motion [ECF No. 3]; and it further appearing that the request for relief is reasonable and proper and sufficient cause appearing therefor; it is hereby

**ORDERED** the Motion is granted to the extent set forth below; and it is further

**ORDERED** the Debtor is authorized, but not directed, to honor and pay the Employee Obligations as set forth in the Motion to the Employees, in accordance with the Debtor's stated policies and pre-petition practices, and in the ordinary course of the Debtor's business, including, but not limited to, amounts that have been earned, accrued, or vested prior to the Filing Date, *provided that* no amounts paid to any Employee under this Order shall exceed the limits set forth

---

[1] The Debtor's last four digits of its tax identification number is 4770. The Debtor's principal place of business is 99 Washington Street, New York, New York 10006.

[2] Capitalized terms otherwise undefined herein shall have the meanings set forth in the Motion.

in 11 U.S.C. §507(a)(4) of the Bankruptcy Code and further provided that such obligations arose within 180 days of the Filing Date; and it is further

**ORDERED** that no bonuses or severance payments subject to section 503(c) of the Bankruptcy Code have been authorized pursuant to this interim prepetition wage order; and it is further

**ORDERED** the Debtor is authorized, but not directed, in its sole discretion, to issue postpetition checks or to effect postpetition fund transfer requests in replacement of any checks or fund transfer requests that are dishonored as a consequence of this chapter 11 case with respect to prepetition amounts owed to their Employees; and it is further

**ORDERED** the Debtor is authorized to file tax returns with, and pay any and all processing fees associated with, and all costs incident to payment of the Employee Obligations, including any associated taxes required to be collected or paid to any appropriate taxing authorities; and it is further

**ORDERED** that any banks or other financial institutions (the "Banks") on which checks were drawn or electronic payment requests made in payment of the Employee Obligations approved herein are authorized and directed to receive, process, honor and pay all such checks and electronic payment requests when presented for payment, and all such Banks are authorized to rely on the Debtor's designation of any particular check or electronic payment request as approved by this Order, *provided, however,* that sufficient funds are available in the Debtor's bank accounts to cover such payments; and it is further

**ORDERED** that notwithstanding any provision in the Federal Rules of Bankruptcy Procedure to the contrary, the Debtor is not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order and the Debtor may, in its discretion

and without further delay, take any action and perform any act authorized under this Order; and it is further

**ORDERED** that a hearing to consider the entry of the Final Order granting the relief requested in the Motion shall be held on **December __, 2022 at 10:00 a.m.** (the "Final Hearing"). Any objections or responses to entry of the proposed Final Order granting the requested relief shall be filed by **December __, 2022 at 5:00 p.m.,** with the Clerk of the United States Bankruptcy Court for the Southern District of New York and be served upon (i) the Debtor; (ii) proposed counsel for the Debtor; (iii) The Office of the United States Trustee, Attn: Shannon Scott, Esq.; and (iv) counsel to any statutory committee appointed in this chapter 11 case. If no objections are timely received, the Court may enter the proposed Final Order without a final hearing; and it is further

**ORDERED** this Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

No Objection to Entry of this Order:

Office of the United States Trustee
Southern District of New York


By:_____
    Shannon Scott, Esq.
    Trial Attorney


Dated: December ____, 2022
       New York, New York


_____
THE HONORABLE PHILIP BENTLEY
UNITED STATES BANKRUPTCY JUDGE