Presentment Date: January 6, 2023 at 12:00 p.m.
Objection Deadline: January 4, 2023 at 5:00 p.m.

**TARTER KRINSKY & DROGIN LLP**
*Attorneys for Golden Seahorse LLC*
*Debtor and Debtor-in-Possession*
1350 Broadway, 11th Floor
New York, New York 10018
(212) 216-8000
Scott S. Markowitz, Esq.
Rocco A. Cavaliere, Esq.
Jill Makower, Esq.
smarkowitz@tarterkrinsky.com
rcavaliere@tarterkrinsky.com
jmakower@tarterkrinsky.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x

| | |
|---|---|
| In re: | Chapter 11 |
| GOLDEN SEAHORSE LLC<br>dba Holiday Inn Manhattan Financial District, | Case No. 22-11582 (PB) |
| Debtor. | |

---------------------------------------------------------------x

**NOTICE OF PRESENTMENT OF DEBTOR'S MOTION FOR AN
ORDER PURSUANT TO §§ 105(a) AND 331 ESTABLISHING
PROCEDURES FOR MONTHLY COMPENSATION
AND REIMBURSEMENT OF EXPENSES OF PROFESSIONALS**

**PLEASE TAKE NOTICE** that upon the motion dated December 20, 2022 (the "Motion") of Golden Seahorse LLC dba Holiday Inn Manhattan Financial District., debtor and debtor-in-possession (the "Debtor"), by and through its undersigned counsel, Tarter Krinsky & Drogin LLP, the Debtor will present to the Honorable Philip Bentley, United States Bankruptcy Judge, at his chambers located at the United States Bankruptcy Court for the Southern District of New York, on **January 6, 2023 at 12:00 p.m.** (the "Presentment Date"), for an order establishing procedures for payment of interim compensation and reimbursement of expenses to professionals (the "Monthly Compensation Order"). A copy of the Motion is annexed hereto.

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the entry of the Monthly Compensation Order must be in writing and must be served upon the undersigned attorneys for the Debtor with two (2) copies to the Chambers of the Honorable Philip Bentley, so as to be received no later than **January 4, 2023 at 5:00 p.m.** and filed with the Clerk of the Bankruptcy Court.

**PLEASE TAKE FURTHER NOTICE** that each such objection, if any, shall state the name of the objecting party, its status as a party-in-interest, and the nature and basis of the objection.

**PLEASE TAKE FURTHER NOTICE** that in the event an objection is filed, the Court will schedule a hearing in connection with the approval of the Monthly Compensation Order, and in that event, the Debtor reserves the right to file a reply to any objection.

Dated: New York, New York
December 20, 2022

                        **TARTER KRINSKY & DROGIN LLP**
                        *Attorneys for Golden Seahorse LLC*
                        *Debtor and Debtor-in-Possession*

                        By: /s/ Scott S. Markowitz
                            Scott S. Markowitz, Esq.
                            Rocco Cavaliere, Esq.
                            Jill Makower, Esq.
                            1350 Broadway, 11th Floor
                            New York, New York 10018
                            (212) 216-8000
                            smarkowitz@tarterkrinsky.com
                            rcavaliere@tarterkrinsky.com
                            jmakower@tarterkrinsky.com

**TARTER KRINSKY & DROGIN LLP**
*Attorneys for Golden Seahorse LLC*
*Debtor and Debtor-in-Possession*
1350 Broadway, 11th Floor
New York, New York 10018
(212) 216-8000
Scott S. Markowitz, Esq.
Rocco A. Cavaliere, Esq.
Jill Makower, Esq.
smarkowitz@tarterkrinsky.com
rcavaliere@tarterkrinsky.com
jmakower@tarterkrinsky.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
In re:                                                                      Chapter 11

GOLDEN SEAHORSE LLC                                       Case No. 22-11582 (PB)
dba Holiday Inn Manhattan Financial District,[1]


                                    Debtor.
---------------------------------------------------------------x

**DEBTOR'S MOTION FOR AN ORDER ESTABLISHING
PROCEDURES FOR PAYMENT OF INTERIM COMPENSATION AND
REIMBURSEMENT OF EXPENSES TO PROFESSIONALS**

**TO:    THE HONORABLE PHILIP BENTLEY
           UNITED STATES BANKRUPTCY JUDGE**

Golden Seahorse LLC dba Holiday Inn Manhattan Financial District (the "Debtor"), the above-captioned debtor and debtor-in-possession, by its proposed counsel, Tarter Krinsky & Drogin LLP ("TKD"), respectfully represents as follows:

**PRELIMINARY STATEMENT**

1.    By this Motion, the Debtor requests entry of an order establishing an orderly, regular process for (i) interim approval and payment of compensation and reimbursement of expenses for attorneys and other professionals authorized to be retained by this Court pursuant to sections 327,

---

[1] The last four digits of Debtor's tax identification number are 4770. The Debtor's principal place of business is 99-
089271\1\170025090.v1

328 or 1103 of title 11, United States Code (the "Bankruptcy Code"), each of whom will be required to file applications for allowance of compensation and reimbursement of expenses pursuant to sections 330 and 331 of the Bankruptcy Code, and (ii) reimbursement pursuant to the Bankruptcy Code of reasonable out-of-pocket expenses (excluding attorneys' fees) incurred by members of any statutory committee appointed in this case.

## JURISDICTION, VENUE AND STATUTORY BASES FOR RELIEF

2.  This Court has jurisdiction over this Motion under 28 U.S.C. §§157 and 1334, and the order of reference, dated July 10, 1984 (Ward, C.J.) as amended by the Amended Standing Order of Reference dated January 31, 2012 (Preska, C.J.). This matter is a core proceeding within the meaning of 28 U.S.C. §157(b)(2). Venue of this proceeding and this Motion in this District is proper under 28 U.S.C. §§1408 and 1409. The statutory bases for relief are §§105(a), 330 and 331 of the Bankruptcy Code and General Order M-412 of this Court, amending General Order M-388.

## BACKGROUND

3.  On November 29, 2022 (the "Filing Date"), the Debtor filed a petition with this Court commencing a voluntary case under Chapter 11 of the Bankruptcy Code. The Debtor is authorized to continue operating its business and manage its property as a debtor in possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner, or statutory committee has been appointed in this Chapter 11 case.

4.  The Debtor operates a full-service hotel located at 99 Washington Street, New York, NY 10006 (the "Hotel"). In addition to the Hotel, the Debtor also owns an adjacent neighboring property at 103 Washington Street, New York, NY 10006, whereby the Debtor leases space to the Amazon Restaurant and Bar dba St. George Tavern. The Debtor constructed the Hotel between 2010 and 2014 and it opened for business in October 2014. Pursuant to a

---

103 Washington Street, New York, New York 10006.

089271\1\170025090.v1                               2

license/franchise agreement dated October 15, 2014, the Hotel operates under the Holiday Inn flagship/brand. The Hotel is fifty stories, the tallest Holiday Inn in the world and consists of 492 rooms and includes a full-service restaurant at the Hotel.

5.    As the Court is aware, the Covid-19 pandemic devastated the New York City hotel industry, and the Debtor, like most of the New York City hotels, was closed from March 2020 through July 2020. Although the Debtor reopened the Hotel at the end of July 2020, occupancy levels in late 2020 were significantly below pre-pandemic levels requiring Debtor's ownership to lend millions of dollars to the Debtor to cover the Hotel's operating expenses. The Hotel then experienced another setback in late December 2021 with the proliferation of the new Omicron variant, causing another shutdown of the tourism industry, forcing the Hotel to close yet again from January 2022 to April 2022.

6.    As a direct result of the Covid-19 pandemic, the Debtor defaulted on its prepetition Loan.² Thereafter, the Lender, in 2021, swept all of the Debtor's funds in its separate cash management account that included sales taxes due to New York State and Hotel's occupancy taxes due to New York City. The Debtor attempted to reach a consensual resolution with Midland Loan Services, the special servicer to the Lender but unfortunately, the Lender rejected the Debtor's overtures and proceeded to commence an action in March 2022 to, among other things, (i) foreclose on the mortgage, (ii) appoint a receiver and (iii) enjoin the Debtor from taking certain actions. By Decision and Order dated September 27, 2022, the Honorable Frances A. Kahn, III granted the Lender's motion to appoint a receiver but denied the Lender its request for injunctive relief finding the Lender had not satisfied the factors for a preliminary injunction and that such relief was, in any event, superfluous, to the appointment of a receiver.

---

² Capitalized terms not defined herein shall have the meanings given in the *Declaration of Jubao Xie Pursuant to Local Bankruptcy Rule 1007-2 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York* dated November 16, 2022 [ECF No. 3] (the "Local Rule 1007-2 Decl.").

089271\1\170025090.v1    3

7. Faced with the prospect of a complete loss of equity and value as well as the potential loss of rights under various contracts and licenses as a result of the appointment of the Receiver, the Debtor determined that Chapter 11 was necessary to preserve the Debtor's business and maximize value for all creditors and constituents. As discussed in the Local Rule 1007-2 Decl., the Debtor commenced this chapter 11 case in order to attempt to negotiate a restructuring of the Loan or to utilize the provisions of the Bankruptcy Code to confirm a plan of reorganization over the Lender's objection. The Hotel's operations have greatly improved over the last six months and the Hotel's occupancy rate was approximately 92% in September 2022 and 90% in October 2022 with an ADR of over $200. The Debtor's current and projected cash flow is sufficient to meet the debt's service and tax escrow payments at the non-default rate under the Loan.

## RELIEF REQUESTED

8. The Debtor filed an application to retain and employ Tarter Krinsky & Drogin LLP ("TKD") as its general bankruptcy counsel. See ECF Dkt. No. 30. As of this date, an official committee of unsecured creditors has not been formed. The Debtor and any committee that may be appointed will likely submit additional retention applications in the future.

9. Pursuant to Bankruptcy Code §§330 and 331, all professionals authorized to be retained by this Court (each a "Professional" and, collectively, the "Professionals") are entitled to submit applications for interim compensation and reimbursement of expenses between 120 and 150 days. Similarly, the members of any committee will be entitled to submit applications for reimbursement of expenses incurred.

10. The Debtor requests this Court issue an order directing that procedures be established to compensate and reimburse Professionals on an interim basis similar to those

089271\1\170025090.v1                                      4

established in other Chapter 11 cases in this district. Such an order would permit the Court and all other parties to monitor the professional fees incurred and reimbursement of expenses disbursed in this case more effectively and would similarly allow the Debtor to better manage its cash flow.

11. Specifically, the Debtor proposes that, except as otherwise provided in any order of the Court authorizing the retention of a particular Professional, the Professionals be permitted to seek interim payment of compensation for services rendered and reimbursement of expenses disbursed in accordance with the following proposed procedures (the "Compensation Procedures"):

(a) On or before the twentieth (20th) day of each month following the month for which compensation is sought, each Professional seeking compensation under this Order shall serve a monthly statement ("Monthly Fee Statement"), by hand or overnight delivery on (i) Golden Seahorse LLC, 99-103 Washington Street, New York, New York 10006, Attn: Jubao Xie; (ii) counsel to the Debtor, Tarter Krinsky & Drogin LLP, 1350 Broadway, New York, New York 10018; Attn: Scott S. Markowitz, Esq.; (iii) counsel to any official committee of unsecured creditors; (iv) the Office of the United States Trustee, 201 Varick Street, Suite 1006, New York, New York 10014, Attn: Shannon Scott, Esq.; (v) counsel to Wilmington Trust, National Association, as Trustee for the benefit of the registered holders of Commercial Mortgage Pass-Through Certificates Series 2018-C6, Perkins Coie LLP, 1155 Avenue of the Americas, 22nd Floor, New York, New York 10036, Attn: Gary F. Eisenberg, Esq.; (vi) counsel to HI FIDI B Note Owner LLC c/o Triangle Capital Group LLC, 452 Fifth Avenue, 30th Floor, New York, NY 10018, Perkins Coie LLP, 1155 Avenue of the Americas, 22nd Floor, New York, New York 10036, Attn: Gary F. Eisenberg, Esq.; and (vii) any other entities designated by the Court to receive Monthly Fee Statements;

(b) On or before the twentieth (20th) day of each month following the month for which compensation is sought, each Professional seeking compensation under this Order shall file a Monthly Fee Statement with the Court; however, a courtesy copy need not be delivered to the Judge's chambers. The Monthly Fee Order does not alter the fee application requirements outlined in §§330 and 331 of the Code. Professionals are still required to serve and file interim and final applications for approval of fees and expenses in accordance with the relevant provisions of the Code, the Federal Rules of Bankruptcy Procedure and the Local Rules for the United States Bankruptcy Court, Southern District of New York;

(c)      Each Monthly Fee Statement must contain a list of the individuals – and their respective titles (e.g., attorney, accountant, or paralegal) – who provided services during the statement period, their respective billing rates, the aggregate hours spent by each individual, a reasonably detailed breakdown of the disbursements incurred (no Professional should seek reimbursement of an expense which would otherwise not be allowed pursuant to the Court's Administrative Orders dated June 24, 1991 and April 21, 1995 or the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. §330 dated January 30, 1996), and contemporaneously maintained time entries for each individual in increments of tenths (1/10) of an hour;

(d)      If any party in interest has an objection to the compensation or reimbursement sought in a particular Monthly Fee Statement, such party shall, by no later than the thirty-fifth (35th) day following the month for which compensation is sought, file with the Court and serve upon the Professional whose Monthly Fee Statement is objected to, and the other persons designated to receive statements in paragraph (a), a written "Notice Of Objection To Fee Statement," setting forth the nature of the objection and the amount of fees or expenses at issue;

(e)      At the expiration of the thirty-five (35) day period, the Debtor shall promptly pay eighty percent (80%) of the fees and one hundred percent (100%) of the expenses identified in each Monthly Fee Statement to which no objection has been served in accordance with paragraph (d);

(f)      If a Notice Of Objection To Fee Statement is filed, the Debtor shall withhold payment of that portion of the Monthly Fee Statement to which the objection is directed and promptly pay the remainder of the fees and disbursements in the percentages set forth in paragraph (e) unless the Professional whose statement is objected to seeks an order from the Court, upon notice and a hearing, directing payment to be made;

(g)      If the parties to an objection are able to resolve their dispute following the filing of a Notice Of Objection To Fee Statement and if the party whose Monthly Fee Statement was objected to files (a) a statement indicating that the objection is withdrawn and describing in detail the terms of the resolution, then the Debtor shall promptly pay, in accordance with paragraph (e), that portion of the Monthly Fee Statement which is no longer subject to an objection;

(h)      All objections that are not resolved by the parties or Court order, shall be preserved and presented to the Court at the next interim or final fee application hearing to be heard by the Court (see paragraph (j), below);

(i)      The service of an objection in accordance with paragraph (d) shall not

prejudice the objecting party's right to object to any fee application made to the Court in accordance with the Code on any ground, whether raised in the objection or not. Furthermore, the decision by any party not to object to a Monthly Fee Statement shall not be a waiver of any kind or prejudice that party's right to object to any fee application subsequently made to the Court in accordance with the Code;

(j) Approximately every 120 days, but no more than every 150 days, each of the Professionals shall serve and file with the Court an application for interim or final Court approval and allowance, pursuant to sections 330 and 331 of the Bankruptcy Code (as the case may be), of the compensation and reimbursement of expenses requested;

(k) Any Professional who fails to file an application seeking approval of compensation and expenses previously paid under this Order when due shall (1) be ineligible to receive further monthly payments of fees or expenses as provided herein until further order of the Court, and (2) may be required to disgorge any fees paid since retention or the last fee application, whichever is later;

(l) The pendency of an application or a Court order that payment of compensation or reimbursement of expenses was improper as to a particular statement shall not disqualify a Professional from the future payment of compensation or reimbursement of expenses as set forth above, unless otherwise ordered by the Court;

(m) Neither the payment of, nor the failure to pay, in whole or in part, monthly compensation and reimbursement as provided herein shall have any effect on this Court's interim or final allowance of compensation and reimbursement of expenses of any Professionals;

(n) Counsel for each official committee may, in accordance with the foregoing procedure for monthly compensation and reimbursement of Professionals, collect and submit statements of expenses, with supporting vouchers, from members of the committee he or she represents; provided, however, that such committee counsel ensures that these reimbursement requests comply with this Court's Administrative Orders dated June 24, 1991 and April 21, 1995.

12. The Debtor will include all payments made to Professionals in accordance with the Compensation Procedures in its monthly operating reports, identifying the amount paid to each Professional.

**LEGAL BASIS FOR REQUESTED RELIEF**

13. Bankruptcy Code §331 provides, in relevant part, as follows:

> A trustee, an examiner, a debtor's attorney, or any professional person employed under section 327 or 1103 of [title 11] may apply to the court not more than once every 120 days after an order for relief in a case under [title 11], or more often if the court permits, for such compensation for services rendered before the date of such an application or reimbursement for expenses incurred before such date as is provided under section 330 of [title 11] . . .

14. The Debtor seeks approval of procedures that are in accordance with the standing General Order M-412, dated December 21, 2010, amending General Order M-388 of the Bankruptcy Court for the Southern District of New York, dated November 25, 2009, establishing procedures for monthly compensation and reimbursement of expenses of professionals.

15. The Compensation Procedures requested herein would reduce the burden imposed on the Court, enable key parties-in-interest to monitor more closely Professional compensation and reimbursement requests in this case, and alleviate undue financial burdens on the Professionals. The proposed Compensation Procedures comply with the Local Rules and applicable standing orders of this Court, and this Court has ample authority under Bankruptcy Code §§105(a) and 331 to grant the requested relief.

16. Indeed, similar procedures for compensating and reimbursing court-approved professionals have been established in this district and routinely approved by this Court. See, e.g., In re Herald Hotel Associates, L.P., Case No.: 20-12266 (Bankr. S.D.N.Y. 2020); In re Christian Brothers Institute, Case No. 11-28820 (RDD) (Bankr. S.D.N.Y. 2011)(SCC); In re Ziff Davis Media Inc., Case No. 08-10768 (BRL) (Bankr. S.D.N.Y. 2008); In re Quebecor World (USA) Inc., (JMP) (Bankr. S.D.N.Y. 2008); In re Anvil Knitwear, Inc., Case No. 06.12345 (ALG) (Bankr. S.D.N.Y. 2006). In re Calpine Corp., Case No. 05-60200 (BRL) (Bankr. S.D.N.Y. 2006); In re Delphi Corp., Case No. 05-44481 (RDD) (Bankr. S.D.N.Y. 2005); In re Solutia Inc., Case No. 03-17949 (PCB) (Bankr. S.D.N.Y. 2003); In re Galey & Lord, Inc., Case No. 02-40445 (ALG) (Bankr. S.D.N.Y. 2002).

17. The Debtor's estate is not administratively insolvent or expected to be administratively insolvent. The Professionals will not seek payments under the Compensation Procedures proposed herein should it appear the Debtor's cash flow as set forth in any Court-approved budget, will not permit payment. The budget submitted with respect to the cash collateral order includes a line item for professional fees.

18. Accordingly, for the reasons set forth above, the Debtor respectfully submits that the relief requested herein is in its best interest and the best interests of its estate, creditors, and other interested parties.

### NOTICE

19. Notice of this Motion has been sent by first class mail to (a) the Office of the United States Trustee, (b) the Debtor's secured creditors, by their counsel, (c) all parties filing notices of appearance pursuant to Bankruptcy Rule 2002, and (d) the Debtor's twenty largest unsecured creditors. In light of the nature of the relief requested, the Debtor respectfully submits that no further notice is required.

### NO PRIOR APPLICATION

20. No previous request for the relief sought herein has been made to this or to any other Court.

**WHEREFORE**, the Debtor respectfully requests the Court enter an order substantially in the form annexed hereto as **Exhibit "A"** granting the relief requested herein and such other and further relief as the Court deems just and proper.

Dated: New York, New York
December 20, 2022

                                          **TARTER KRINSKY & DROGIN LLP**
*Attorneys for Golden Seahorse LLC*
*Debtor and Debtor-in -Possession*


By: /s/ Scott S. Markowitz
Scott S. Markowitz, Esq.
Rocco Cavaliere, Esq.
Jill Makower, Esq.
1350 Broadway, 11th Floor
New York, New York 10018
(212) 216-8000
smarkowitz@tarterkrinsky.com
rcavaliere@tarterkrinsky.com
jmakower@tarterkrinsky.com

**EXHIBIT A**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
In re:                                                                                    Chapter 11

GOLDEN SEAHORSE LLC                                              Case No. 22-11582 (PB)
dba Holiday Inn Manhattan Financial District,


                                     Debtor.
---------------------------------------------------------------x

## ORDER PURSUANT TO 11 U.S.C. §§105(a), 330 AND 331 ESTABLISHING PROCEDURES FOR MONTHLY COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PROFESSIONALS

Upon consideration of the Motion[1] of Golden Seahorse LLC dba Holiday Inn Manhattan Financial District., debtor and debtor-in-possession (the "Debtor"), by its counsel, Tarter Krinsky & Drogin LLP, establishing procedures for monthly compensation and reimbursement of expenses of professionals retained by order of this Court, and this Court having determined that the relief requested in the Motion is in the best interests of the Debtor, its estate, and creditors; and it appearing that proper and adequate notice has been given by service of the Motion on the Office of the United States Trustee, counsel to the Debtor's secured creditors, and all parties who filed a notice of appearance; and that no other or further notice is necessary; and upon the representation of the Debtor that this estate is administratively solvent; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

**ORDERED**, that except as may otherwise be provided in Court orders authorizing the retention of specific professionals, all professionals in this case may seek monthly compensation in accordance with the following procedure:

(a)   On or before the twentieth (20th) day of each month following the month for which compensation is sought, each Professional seeking

---

[1] Capitalized terms otherwise undefined herein shall have the meaning set forth in the Motion.

089271\1\170024801.v1

compensation under this Order shall serve a monthly statement ("Monthly Fee Statement"), by hand or overnight delivery on (i) Golden Seahorse LLC, 99-103 Washington Street, New York, New York 10006, Attn: Jubao Xie; (ii) counsel to the Debtor, Tarter Krinsky & Drogin LLP, 1350 Broadway, New York, New York 10018; Attn: Scott S. Markowitz, Esq.; (iii) counsel to any official committee of unsecured creditors; (iv) the Office of the United States Trustee, 201 Varick Street, Suite 1006, New York, New York 10014, Attn: Shannon Scott, Esq.; (v) counsel to Wilmington Trust, National Association, as Trustee for the benefit of the registered holders of Commercial Mortgage Pass-Through Certificates Series 2018-C6, Perkins Coie LLP, 1155 Avenue of the Americas, 22nd Floor, New York, New York 10036, Attn: Gary F. Eisenberg, Esq.; (vi) counsel to HI FIDI B Note Owner LLC c/o Triangle Capital Group LLC, 452 Fifth Avenue, 30th Floor, New York, NY 10018, Perkins Coie LLP, 1155 Avenue of the Americas, 22nd Floor, New York, New York 10036, Attn: Gary F. Eisenberg, Esq.; and (vii) any other entities designated by the Court to receive Monthly Fee Statements;

(b) On or before the twentieth (20th) day of each month following the month for which compensation is sought, each Professional seeking compensation under this Order shall file a Monthly Fee Statement with the Court; however, a courtesy copy need not be delivered to the Judge's chambers. The Monthly Fee Order does not alter the fee application requirements outlined in §§330 and 331 of the Code. Professionals are still required to serve and file interim and final applications for approval of fees and expenses in accordance with the relevant provisions of the Code, the Federal Rules of Bankruptcy Procedure and the Local Rules for the United States Bankruptcy Court, Southern District of New York;

(c) Each Monthly Fee Statement must contain a list of the individuals – and their respective titles (e.g., attorney, accountant, or paralegal) – who provided services during the statement period, their respective billing rates, the aggregate hours spent by each individual, a reasonably detailed breakdown of the disbursements incurred (no Professional should seek reimbursement of an expense which would otherwise not be allowed pursuant to the Court's Administrative Orders dated June 24, 1991 and April 21, 1995 or the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. §330 dated January 30, 1996), and contemporaneously maintained time entries for each individual in increments of tenths (1/10) of an hour;

(d) If any party in interest has an objection to the compensation or reimbursement sought in a particular Monthly Fee Statement, such party shall, by no later than the thirty-fifth (35th) day following the month for which compensation is sought, file with the Court and serve upon the

|     | |
| --- | --- |
|     | Professional whose Monthly Fee Statement is objected to, and the other persons designated to receive statements in paragraph (a), a written "Notice Of Objection To Fee Statement," setting forth the nature of the objection and the amount of fees or expenses at issue; |
| (e) | At the expiration of the thirty-five (35) day period, the Debtor shall promptly pay eighty percent (80%) of the fees and one hundred percent (100%) of the expenses identified in each Monthly Fee Statement to which no objection has been served in accordance with paragraph (d); |
| (f) | If a Notice Of Objection To Fee Statement is filed, the Debtor shall withhold payment of that portion of the Monthly Fee Statement to which the objection is directed and promptly pay the remainder of the fees and disbursements in the percentages set forth in paragraph (e) unless the Professional whose statement is objected to seeks an order from the Court, upon notice and a hearing, directing payment to be made; |
| (g) | If the parties to an objection are able to resolve their dispute following the filing of a Notice Of Objection To Fee Statement and if the party whose Monthly Fee Statement was objected to files (a) a statement indicating that the objection is withdrawn and describing in detail the terms of the resolution, then the Debtor shall promptly pay, in accordance with paragraph (e), that portion of the Monthly Fee Statement which is no longer subject to an objection; |
| (h) | All objections that are not resolved by the parties or Court order, shall be preserved and presented to the Court at the next interim or final fee application hearing to be heard by the Court (see paragraph (j), below); |
| (i) | The service of an objection in accordance with paragraph (d) shall not prejudice the objecting party's right to object to any fee application made to the Court in accordance with the Code on any ground whether raised in the objection or not.  Furthermore, the decision by any party not to object to a Monthly Fee Statement shall not be a waiver of any kind or prejudice that party's right to object to any fee application subsequently made to the Court in accordance with the Code; |
| (j) | Approximately every 120 days, but no more than every 150 days, each of the Professionals shall serve and file with the Court an application for interim or final Court approval and allowance, pursuant to sections 330 and 331 of the Bankruptcy Code (as the case may be), of the compensation and reimbursement of expenses requested; |
| (k) | Any Professional who fails to file an application seeking approval of compensation and expenses previously paid under this Order when due shall (1) be ineligible to receive further monthly payments of fees or |

    expenses as provided herein until further order of the Court, and (2) may be required to disgorge any fees paid since retention or the last fee application, whichever is later;

 (l) The pendency of an application or a Court order that payment of compensation or reimbursement of expenses was improper as to a particular statement shall not disqualify a Professional from the future payment of compensation or reimbursement of expenses as set forth above, unless otherwise ordered by the Court;

 (m) Neither the payment of, nor the failure to pay, in whole or in part, monthly compensation and reimbursement as provided herein shall have any effect on this Court's interim or final allowance of compensation and reimbursement of expenses of any Professionals;

 (n) Counsel for each official committee may, in accordance with the foregoing procedure for monthly compensation and reimbursement of Professionals, collect and submit statements of expenses, with supporting vouchers, from members of the committee he or she represents; provided, however, that such committee counsel ensures that these reimbursement requests comply with this Court's Administrative Orders dated June 24, 1991 and April 21, 1995.

and it is further

 **ORDERED**, that each Professional may seek, in its first request for compensation and reimbursement of expenses pursuant to this Order, compensation for services rendered and reimbursement for expenses incurred during the period beginning on the date of such Professional's retention and ending on December 31, 2022; and it is further

 **ORDERED**, that the amount of fees and disbursements sought be set out in U.S. dollars (if the fees and disbursements are to be paid in foreign currency, the amount shall be set out in U.S. dollars and the conversion amount in the foreign currency, calculated at the time of the submission of the application); and it is further

 **ORDERED**, that the Debtor shall include all payments to Professionals on its monthly operating reports, detailed so as to state the amount paid to each of the Professionals; and it is further

**ORDERED**, that in addition to objections pursuant to §§ 328 and 331 of the Code, any party may object to requests for payments made pursuant to this Order on the grounds that the Debtor has not timely filed monthly operating reports, remained current with their administrative expenses and 28 U.S.C. §1930 fees, or a manifest exigency exists by seeking a further order of this Court, <u>otherwise</u>, this Order shall continue and shall remain in effect during the pendency of this case; and it is further

**ORDERED**, that all time periods set forth in this Order shall be calculated in accordance with Federal Rule of Bankruptcy Procedure 9006(a); and it is further

**ORDERED**, that any and all other and further notice of the relief requested in the Motion shall be, and hereby is, dispensed with and waived; <u>provided</u>, <u>however</u>, that the Debtor shall serve a copy of this Order on all entities specified in paragraph (a) hereof.

Dated: New York, New York
       January ___, 2023

                                                    HONORABLE PHILIP BENTLEY
                                                    UNITED STATES BANKRUPTCY JUDGE