UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re:

GOLDEN SEAHORSE LLC,
  dba Holiday Inn Manhattan Financial District,


                              Debtor.
------------------------------------------------------------x

**NOT FOR PUBLICATION**

Chapter 11

Case No. 22-11582 (PB)

## MODIFIED POST-TRIAL BENCH RULING ON DEBTOR'S MOTION FOR APPROVAL OF AGREEMENT WITH NEW YORK CITY HEALTH & HOSPITALS CORPORATION

The Debtor owns and operates a hotel (the "Hotel") located at 99 Washington Street in Lower Manhattan, known as the Holiday Inn Manhattan Financial District. The Hotel has 492 guest rooms and, at 50 stories tall, is billed as the tallest Holiday Inn in the world. Following the onset of the COVID-19 pandemic, the Hotel's performance suffered, and eventually the Debtor's inability to continue to pay interest on $137 million of senior secured debt resulted in its November 2022 bankruptcy filing.

In January 2023, the Debtor entered into an agreement with the New York City Health & Hospitals Corporation ("HHC"), under which, for a term of up to 15 months, HHC will use the Hotel to house approximately 1,000 asylum seekers, out of the more than 28,000 such migrants currently in the City's care. Although the agreement is expected to boost the Debtor's net revenues by more than $10 million, the Debtor's senior secured lenders have strenuously objected to the Court's approval of the agreement. They contend that the agreement's benefits are outweighed by a host of downsides, including potential physical damage to the premises, difficulties the Hotel may have resuming normal operations after the contract ends, and possible impairment of the Debtor's ability to sell or refinance the Hotel. As a result, they claim, the agreement will gravely

harm the value of the Hotel — their collateral — thereby depriving them of the adequate protection to which they are entitled under Bankruptcy Code § 363.

On January 27, 2023, the Court held an almost seven-hour trial on the Debtor's motion for approval of the agreement. Three days later, the Court granted the motion for reasons set forth in a lengthy bench ruling. At bottom, the Court found, the lenders had failed to prove that the possible harms they identified were likely to occur, much less to result in damages in an amount approaching the agreement's undisputed financial benefits. Moreover, the evidence presented by the Debtor — in particular, the testimony of a top HHC official concerning that agency's experience housing about 7,000 asylum seekers at other New York City hotels over the prior four months — suggested that any physical harm to the Hotel was likely to be modest.

The Court explained that it might subsequently issue a revised decision correcting and clarifying its bench ruling in a limited number of respects. The Court has now done so, and its revised bench ruling is attached as Exhibit A. The revised ruling corrects the transcript not only for transcription errors but also, in some instances, to make the ruling clearer or more readable. No changes have been made to the substance of the ruling.

Dated:  New York, New York
          March 10, 2023

                                          /s/ Philip Bentley
                                          **Honorable Philip Bentley**
                                          **United States Bankruptcy Judge**