**EXHIBIT A**

**PERKINSCOIe**

1155 Avenue of the Americas
22nd Floor
New York, NY 10036-2711

☎ +1 212.262.6900
✆ +1.212.977.1649
PerkinsCoie.com

March 24, 2021

Gary F. Eisenberg
GEisenberg@perkinscoie.com
D. +1.212.262.6902
F. +1.212.977.1632

**VIA EMAIL**

GOLDEN SEAHORSE LLC
103 Washington Street
New York, New York 10006
Attention: Gary Yu
Email: GaryYu@gshnyc.com
Attention: Jeffrey Qin
Email: jqin@gshnyc.com

Barclay Damon LLP
545 Long Wharf Drive, Ninth Floor
New Haven, CT 06511
Attn: Ilan Markus
Email: IMarkus@barclaydamon.com

Todd Galante, Esq.
Piro Zinna Cifelli Paris & Genitempo, LLC
360 Passaic Avenue
Nutley, NJ 07110
Email: TGalante@pirozinnalaw.com

Re: That certain loan ("Loan") evidenced, in part, by (i) that certain Loan Agreement dated as of September 18, 2018 (the "Loan Agreement") between GOLDEN SEAHORSE LLC, a Delaware limited liability company ("Borrower") and LADDER CAPITAL FINANCE LLC, a Delaware limited liability company ("Original Lender"), and (ii) that certain Consolidated, Amended and Restated Promissory Note dated September 18, 2018 (the "Note") executed by Borrower in favor of Original Lender, in the original principal sum of $137,250,000.00, which Loan is secured, among other things, by that certain Consolidated, Amended and Restated Fee and Leasehold Mortgage, Assignment of Leases and Rents, Security Agreement, and Fixture Filing dated as of September 18, 2018 (the "Mortgage") executed by Borrower, as mortgagor, in favor of Original Lender, as mortgagee, relating to that certain property more particularly described therein (the "Property")

Dear Borrower:

GOLDEN SEAHORSE LLC
March 24, 2021
Page 2

As you know, our firm represents Wilmington Trust, National Association, as Trustee for the benefit of the registered holders of Commercial Mortgage Pass-Through Certificates Series 2018-C6 (the "Trust", "Noteholder" or "Lender"). The Noteholder is the holder of that certain Note A-1 pursuant to which the original Note has been split and is authorized to act on behalf of all current holders of notes into which the original Note was split (collectively, the "Notes"). Such current holders collectively are the current owner of the Note (as split) and Loan Agreement, holder of the Mortgage, and owner of all of the other documents which evidence, secure, or relate to the Loan (collectively, the "Loan Documents"). Midland Loan Services, a division of PNC Bank, National Association ("Midland") is the special servicer of the Loan for the Noteholder. Unless otherwise indicated, all capitalized terms shall have the meanings set forth in the Loan Agreement.

As you know, by letter dated May 26, 2020 (the "Default Letter"), Lender notified Borrower and Guarantor of the occurrence of an Event of Default.

As you know, Lender holds a security interest in and lien upon the Cash Management Account, the Reserve Accounts and all cash and contents therein.

As of March 17, 2021, Lender has within recent weeks applied funds from various Reserve Accounts to satisfaction of portions of the Debt evidenced by Notes A-1, A-2 and A-3 as set forth in the chart below.

|  | A-1 | A-2 | A-3 | Total |
|---|---|---|---|---|
| Tax Advance | $588,905.12 |  |  | $588,905.12 |
| Insurance Advance | $72,365.37 |  |  | $72,365.37 |
| A-Note Legal and Appraisal Advances | $57,870.08 |  |  | $57,870.08 |
| May 2020 Interest | $115,317.93 | $149,347.92 | $106,677.08 | $371,342.93 |
| June 2020 Interest | $119,161.86 | $154,326.18 | $110,232.99 | $383,721.03 |
| July 2020 Interest | $115,317.93 | $149,347.92 | $106,677.08 | $371,342.93 |
| August 2020 Interest | $119,161.86 | $154,326.18 | $110,232.99 | $383,721.03 |
| Total Applied |  |  |  | $2,229,268.49 |

In addition, previously, Lender has applied certain Seasonality Reserve Funds and FF&E Funds to make payments to the Tax Account and Insurance Account, for use for payment of taxes and insurance (the "Prior Funds Application"). This letter applies to the Prior Funds Application as well as the funds application described in the preceding paragraphs.

151912410.3
Reeves, Cole LLP

GOLDEN SEAHORSE LLC
March 24, 2021
Page 3

All of the Debt evidenced by any of the Notes (other than the portions satisfied by application of funds from Reserve Accounts as set forth above) remains immediately due and owing in full. All funds remaining in any Reserve Account continue to secure the Debt and remain subject to Lender's first priority lien and security interest.

The application of the funds as provided above does not, and nothing contained in this letter shall, constitute a waiver of any Event of Default or other default which may exist with respect to the Loan and/or an election of remedies. Lender reserves its right to exercise any or all of its rights and remedies under the Loan Documents, singularly, consecutively and/or cumulatively, and all of its rights and remedies available at law and in equity. Borrower is not entitled to any forbearance from Lender of Lender's exercise of any of its rights or remedies, notwithstanding the application of payment of the funds set forth above.

Moreover, any partial or scheduled payments made to Lender (including the payments above), whether or not accepted, shall not constitute a waiver or modification of any default or a forbearance, waiver or postponement of any rights or remedies of Lender. Lender shall be under no obligation to send any further notice or other communication reaffirming this in connection with any payment hereafter accepted by Lender notwithstanding the transmission of this letter with respect to the application of payment of the funds described above.

This letter is written without prejudice to, and shall not be construed as a waiver or postponement of, any of the rights and remedies of the Holders, all of which the Holders expressly reserve.

Very truly yours,

*[signature]*

Gary F. Eisenberg

GFE:bhd

cc:   Mr. Kyle Morris (via email)

151912410.3
Perkins Coie LLP

## PERKINSCOIe

1155 Avenue of the Americas
22nd Floor
New York, NY 10036-2711

T +1.212.262.6900
F +1.212.977.1649
PerkinsCoie.com

March 26, 2021

Gary F. Eisenberg
GEisenberg@perkinscoie.com
D. +1.212.262.6902
F. +1.212.977.1632

**VIA EMAIL**

GOLDEN SEAHORSE LLC
103 Washington Street
New York, New York 10006
Attention: Gary Yu
Email: GaryYu@gshnyc.com
Attention: Jeffrey Qin
Email: jqin@gshnyc.com

Barclay Damon LLP
545 Long Wharf Drive, Ninth Floor
New Haven, CT 06511
Attn:   Ilan Markus
Email: IMarkus@barclaydamon.com

Todd Galante, Esq.
Piro Zinna Cifelli Paris & Genitempo, LLC
360 Passaic Avenue
Nutley, NJ 07110
Email: TGalante@pirozinnalaw.com

Re:   That certain loan ("Loan") evidenced, in part, by (i) that certain Loan Agreement dated as of September 18, 2018 (the "Loan Agreement") between GOLDEN SEAHORSE LLC, a Delaware limited liability company ("Borrower") and LADDER CAPITAL FINANCE LLC, a Delaware limited liability company ("Original Lender"), and (ii) that certain Consolidated, Amended and Restated Promissory Note dated September 18, 2018 (the "Note") executed by Borrower in favor of Original Lender, in the original principal sum of $137,250,000.00, which Loan is secured, among other things, by that certain Consolidated, Amended and Restated Fee and Leasehold Mortgage, Assignment of Leases and Rents, Security Agreement, and Fixture Filing dated as of September 18, 2018 (the "Mortgage") executed by Borrower, as mortgagor, in favor of Original Lender, as mortgagee, relating to that certain property more particularly described therein (the "Property")

Dear Borrower:

GOLDEN SEAHORSE LLC
March 26, 2021
Page 2

As you know, our firm represents Wilmington Trust, National Association, as Trustee for the benefit of the registered holders of Commercial Mortgage Pass-Through Certificates Series 2018-C6 (the "Trust", "Noteholder" or "Lender"). The Noteholder is the holder of that certain Note A-1 pursuant to which the original Note has been split and is authorized to act on behalf of all current holders of notes into which the original Note was split (collectively, the "Notes"). Such current holders collectively are the current owner of the Note (as split) and Loan Agreement, holder of the Mortgage, and owner of all of the other documents which evidence, secure, or relate to the Loan (collectively, the "Loan Documents"). Midland Loan Services, a division of PNC Bank, National Association ("Midland") is the special servicer of the Loan for the Noteholder. Unless otherwise indicated, all capitalized terms shall have the meanings set forth in the Loan Agreement.

We write to revise, restate and supplement our letter to you dated March 24, 2021 (the "Funds Application Letter").

The following sentences contained on page 3 of the Funds Application Letter, that read:

*"All of the Debt evidenced by any of the Notes (other than the portions satisfied by application of funds from Reserve Accounts as set forth above) remains immediately due and owing in full. All funds remaining in any Reserve Account continue to secure the Debt and remain subject to Lender's first priority lien and security interest."*

are deleted and replaced with the following language:

**All of the Debt evidenced by any of the Notes (other than the portions satisfied by application of funds from Reserve Accounts as set forth above) remains owing in full, though the Debt has not been accelerated, but Lender reserves the right to accelerate the Debt by further notice. In any event, funds remaining in any Reserve Account continue to secure the Debt and remain subject to Lender's first priority lien and security interest.**

The remainder of the Funds Application Letter stands as sent.

GOLDEN SEAHORSE LLC
March 26, 2021
Page 3

This letter is written without prejudice to, and shall not be construed as a waiver or postponement of, any of the rights and remedies of the Holders, all of which the Holders expressly reserve.

Very truly yours,

*Gary Eisenberg* (signature)

Gary F. Eisenberg

GFE:bhd

cc:     Mr. Kyle Morris (via email)

# PERKINSCOIe

1155 Avenue of the Americas  
22nd Floor  
New York, NY 10036-2711

☎ +1.212.262.6900  
🖷 +1.212.977.1649  
PerkinsCoie.com

July 19, 2021

Gary F. Eisenberg  
GEisenberg@perkinscoie.com  
D. +1.212.262.6902  
F. +1.212.977.1632

**VIA EMAIL (FEDEX WHERE NO EMAIL ADDRESS SHOWN)**

GOLDEN SEAHORSE LLC  
103 Washington Street  
New York, New York 10006  
Attention: Gary Yu  
Email: GaryYu@gshnyc.com  
Attention: Jeffrey Qin  
Email: jqin@gshnyc.com

JUBAO XIE  
140 Everit Avenue  
Hewlett, New York 11557

Barclay Damon LLP  
545 Long Wharf Drive, Ninth Floor  
New Haven, CT 06511  
Attn:  Ilan Markus  
Email: IMarkus@barclaydamon.com

Todd Galante, Esq.  
Piro Zinna Cifelli Paris & Genitempo, LLC  
360 Passaic Avenue  
Nutley, NJ 07110  
Email: TGalante@pirozinnalaw.com

Re:   That certain loan ("Loan") evidenced, in part, by (i) that certain Loan Agreement dated as of September 18, 2018 (the "Loan Agreement") between GOLDEN SEAHORSE LLC, a Delaware limited liability company ("Borrower") and LADDER CAPITAL FINANCE LLC, a Delaware limited liability company ("Original Lender"), and (ii) that certain Consolidated, Amended and Restated Promissory Note dated September 18, 2018 (the "Note") executed by Borrower in favor of Original Lender, in the original principal sum of $137,250,000.00, which Loan is secured, among other things, by that certain Consolidated, Amended and Restated Fee and Leasehold Mortgage, Assignment of Leases and Rents, Security Agreement, and Fixture Filing dated as of September 18, 2018 (the "Mortgage") executed by Borrower, as mortgagor, in favor of Original Lender, as mortgagee,

GOLDEN SEAHORSE LLC
July 19, 2021
Page 2

      **relating to that certain property more particularly described therein (the "Property")**

Dear Borrower and Guarantor:

As you know, our firm represents Wilmington Trust, National Association, as Trustee for the benefit of the registered holders of Commercial Mortgage Pass-Through Certificates Series 2018-C6 (the "Trust", "Noteholder" or "Lender"). The Noteholder is the holder of that certain Note A-1 pursuant to which the original Note has been split and is authorized to act on behalf of all current holders of notes into which the original Note was split (collectively, the "Notes"). Such current holders collectively are the current owner of the Note (as split) and Loan Agreement, holder of the Mortgage, and owner of all of the other documents which evidence, secure, or relate to the Loan (collectively, the "Loan Documents"). Midland Loan Services, a division of PNC Bank, National Association ("Midland") is the special servicer of the Loan for the Noteholder. Unless otherwise indicated, all capitalized terms shall have the meanings set forth in the Loan Agreement.

As you know, by letter dated May 26, 2020 (the "Default Letter"), Lender notified Borrower and Guarantor of the occurrence of an Event of Default. By letters dated March 24, 2021 and March 26, 2021 (collectively, the "Funds Application Letter"), Lender notified Borrower and Guarantor of application of certain funds in the Cash Management Account, the Reserve Accounts and cash and contents therein to certain portions of the Debt

As the Funds Application Letter noted, Lender holds a security interest in and lien upon the Cash Management Account, the Reserve Accounts and all cash and contents therein.

As of the date of this letter, Lender has applied the sum of $2,031,543.49 in the Cash Management Account to the following Reserve Accounts and then applied from such Reserve Accounts to repay advances on account of unpaid obligations to be funded by those Reserve Accounts:

| | |
|---|---|
| Escrow- Tax Advance: | $1,515,872.04 |
| Escrow- Insurance Advance: | $515,671.45 |

All of the Debt evidenced by any of the Notes (other than the portions satisfied by application of funds from Reserve Accounts as set forth above) remains owing in full, though the Debt has not been accelerated, but Lender reserves the right to accelerate the Debt by further notice. In any event, funds remaining in any Reserve Account continue to secure the Debt and remain subject to Lender's first priority lien and security interest.

22-11582-pb    Doc 121-1    Filed 05/09/23    Entered 05/09/23 17:28:21    Exhibit A
Pg 10 of 18


GOLDEN SEAHORSE LLC
July 19, 2021
Page 3

The application of the funds as provided above does not, and nothing contained in this letter shall, constitute a waiver of any Event of Default or other default which may exist with respect to the Loan and/or an election of remedies. Lender reserves its right to exercise any or all of its rights and remedies under the Loan Documents, singularly, consecutively and/or cumulatively, and all of its rights and remedies available at law and in equity. Borrower is not entitled to any forbearance from Lender of Lender's exercise of any of its rights or remedies, notwithstanding the application of payment of the funds set forth above.

Moreover, any partial or scheduled payments made to Lender (including the payments above), whether or not accepted, shall not constitute a waiver or modification of any default or a forbearance, waiver or postponement of any rights or remedies of Lender. Lender shall be under no obligation to send any further notice or other communication reaffirming this in connection with any payment hereafter accepted by Lender notwithstanding the transmission of this letter with respect to the application of payment of the funds described above.

This letter is written without prejudice to, and shall not be construed as a waiver or postponement of, any of the rights and remedies of the Lender, all of which the Lender expressly reserves.

Very truly yours,

*[signature]*

Gary F. Eisenberg

GFE:moc

cc:   Mr. Kyle Morris (via email)

# PerkinsCoie

1155 Avenue of the Americas  +1 212.262.6900
22rd Floor                   +1.212.977.1649
New York, NY 10036-2711      PerkinsCoie.com

January 13, 2022

Gary F. Eisenberg
GEisenberg@perkinscoie.com
D. +1.212.262.6902
F. +1.212.977.1632

**VIA EMAIL (FEDEX WHERE NO EMAIL ADDRESS SHOWN)**

GOLDEN SEAHORSE LLC
103 Washington Street
New York, New York 10006
Attention: Gary Yu
Email: GaryYu@gshnyc.com
Attention: Jeffrey Qin
Email: jqin@gshnyc.com

JUBAO XIE
140 Everit Avenue
Hewlett, New York 11557

Barclay Damon LLP
545 Long Wharf Drive, Ninth Floor
New Haven, CT 06511
Attn: Ilan Markus
Email: IMarkus@barclaydamon.com

Re: That certain loan ("Loan") evidenced, in part, by (i) that certain Loan Agreement dated as of September 18, 2018 (the "Loan Agreement") between GOLDEN SEAHORSE LLC, a Delaware limited liability company ("Borrower") and LADDER CAPITAL FINANCE LLC, a Delaware limited liability company ("Original Lender"), and (ii) that certain Consolidated, Amended and Restated Promissory Note dated September 18, 2018 (the "Note") executed by Borrower in favor of Original Lender, in the original principal sum of $137,250,000.00, which Loan is secured, among other things, by that certain Consolidated, Amended and Restated Fee and Leasehold Mortgage, Assignment of Leases and Rents, Security Agreement, and Fixture Filing dated as of September 18, 2018 (the "Mortgage") executed by Borrower, as mortgagor, in favor of Original Lender, as mortgagee, relating to that certain property more particularly described therein (the "Property")

Dear Borrower and Guarantor:

As you know, our firm represents Wilmington Trust, National Association, as Trustee for the benefit of the registered holders of Commercial Mortgage Pass-Through Certificates Series

GOLDEN SEAHORSE LLC
January 13, 2022
Page 2

2018-C6 (the "Trust", "Noteholder" or "Lender"). The Noteholder is the holder of that certain Note A-1 pursuant to which the original Note has been split and is authorized to act on behalf of all current holders of notes into which the original Note was split (collectively, the "Notes"). Such current holders collectively are the current owner of the Note (as split) and Loan Agreement, holder of the Mortgage, and owner of all of the other documents which evidence, secure, or relate to the Loan (collectively, the "Loan Documents"). Midland Loan Services, a division of PNC Bank, National Association ("Midland") is the special servicer of the Loan for the Noteholder. Unless otherwise indicated, all capitalized terms shall have the meanings set forth in the Loan Agreement.

As you know, by letter dated May 26, 2020 (the "Default Letter"), Lender notified Borrower and Guarantor of the occurrence of an Event of Default. By letters dated March 24, 2021, March 26, 2021 and July 19, 2021 (collectively, the "Funds Application Letter"), Lender notified Borrower and Guarantor of the application of certain funds in the Cash Management Account, the Reserve Accounts and cash and contents therein to certain portions of the Debt.

As the Funds Application Letter noted, Lender holds a security interest in and lien upon the Cash Management Account, the Reserve Accounts and all cash and contents therein.

As of January 6, 2022, Lender has applied the aggregate sum of $8,238,300.20 from the Cash Management Account and various Reserve Accounts to satisfy portions of the Debt evidenced by Notes A-1, A-2 and A-3, as set forth in the chart below.

|  | A-1 Note | A-2 Note | A-3 Note |
|---|---|---|---|
| Interest for 9/6/2020 through 1/6/2021 | $ 1,991,156.25 | $ 2,578,740.71 | $ 1,841,957.66 |
| Tax Advance | $ 1,532,923.44 |  |  |
| Insurance Advance | $ 17,035.01 |  |  |
| Legal and Inspection Advance | $ 32,825.90 |  |  |
| Special Servicing Fees Accrued May 2020 through May 2021 [1] | $ 69,855.70 | $ 89,784.72 | $ 66,868.01 |
| Tax Escrow | $ 17,152.80 |  |  |

All of the Debt evidenced by any of the Notes (other than the portions satisfied by application of funds from the Cash Management Account and certain Reserve Accounts, as set forth above) remains due and owing in full, though the Debt has not been accelerated, but Lender reserves the

---

[1] The amount applied as set forth herein is a portion of the total special servicer fees accrued as of the date of this letter and the remaining balance of the accrued and unpaid special servicer fees remains due and owing.

GOLDEN SEAHORSE LLC
January 13, 2022
Page 3

right to accelerate the Debt by further notice. The amounts due include, without limitation, interest on the Note at the Default Rate, late charges, unpaid special servicer fees, other fees, charges and expenses, and interest and other fees, charges and expenses accruing on account of Note B. In any event, funds remaining in any Reserve Account continue to secure the Debt and remain subject to Lender's first priority lien and security interest.

The application of the funds as provided above does not, and nothing contained in this letter shall, constitute a waiver of any Event of Default or other default which may exist with respect to the Loan and/or an election of remedies. Lender reserves its right to exercise any or all of its rights and remedies under the Loan Documents, singularly, consecutively and/or cumulatively, and all of its rights and remedies available at law and in equity. Borrower is not entitled to any forbearance from Lender of Lender's exercise of any of its rights or remedies, notwithstanding the application of payment of the funds set forth above.

Moreover, any partial or scheduled payments made to Lender (including the payments above), whether or not accepted, shall not constitute a waiver or modification of any default or a forbearance, waiver or postponement of any rights or remedies of Lender. Lender shall be under no obligation to send any further notice or other communication reaffirming this in connection with any payment hereafter accepted by Lender notwithstanding the transmission of this letter with respect to the application of payment of the funds described above.

Very truly yours,

*[signature]*

Gary F. Eisenberg

GFE:moc

cc: Mr. Kyle Morris (via email)

155479909 3
Perkins Coie LLP

# PERKINSCOIe

1155 Avenue of the Americas  ☏ +1.212.262.6900
22nd Floor  ✆ +1.212.977.1649
New York, NY 10036-2711  PerkinsCoie.com

February 10, 2022

Gary F. Eisenberg
GEisenberg@perkinscoie.com
D. +1.212.262.6902
F. +1.212.977.1632

**VIA EMAIL (FEDEX WHERE NO EMAIL ADDRESS SHOWN)**

Ilan Markus, Esq.
Barclay Damon LLP
545 Long Wharf Drive, Ninth Floor
New Haven, CT 06511
Email: IMarkus@barclaydamon.com

Re:   That certain loan ("Loan") evidenced, in part, by (i) that certain Loan Agreement dated as of September 18, 2018 (the "Loan Agreement") between GOLDEN SEAHORSE LLC, a Delaware limited liability company ("Borrower") and LADDER CAPITAL FINANCE LLC, a Delaware limited liability company ("Original Lender"), and (ii) that certain Consolidated, Amended and Restated Promissory Note dated September 18, 2018 (the "Note") executed by Borrower in favor of Original Lender, in the original principal sum of $137,250,000.00, which Loan is secured, among other things, by that certain Consolidated, Amended and Restated Fee and Leasehold Mortgage, Assignment of Leases and Rents, Security Agreement, and Fixture Filing dated as of September 18, 2018 (the "Mortgage") executed by Borrower, as mortgagor, in favor of Original Lender, as mortgagee, relating to that certain property more particularly described therein (the "Property")

Dear Mr. Markus:

As you know, our firm represents Wilmington Trust, National Association, as Trustee for the benefit of the registered holders of Commercial Mortgage Pass-Through Certificates Series 2018-C6 (the "Trust", "Noteholder" or "Lender"). The Noteholder is the holder of that certain Note A-1 pursuant to which the original Note has been split and is authorized to act on behalf of all current holders of notes into which the original Note was split (collectively, the "Notes"). Such current holders collectively are the current owner of the Note (as split) and Loan Agreement, holder of the Mortgage, and owner of all of the other documents which evidence, secure, or relate to the Loan (collectively, the "Loan Documents"). Midland Loan Services, a division of PNC Bank, National Association ("Midland") is the special servicer of the Loan for the Noteholder. Unless otherwise indicated, all capitalized terms shall have the meanings set forth in the Loan Agreement.

We write to state an amendment to correct a clerical error in our letter to Borrower, Guarantor and you dated January 13, 2022. The portion of Cash Management Account funds applied to

155844669.1
Perkins Coie LLP

GOLDEN SEAHORSE LLC
February 10, 2022
Page 2

interest at the Interest Rate payable on the A-1, A-2 and A-3 Notes is for such interest accrued for 9/6/2020 through 1/6/2022 (and not 9/6/2020 through 1/6/2021 as indicated in January 13, 2022).

Very truly yours,

*[signature: Gary Eisenberg]*

Gary F. Eisenberg

GFE:moc

cc:   Mr. Kyle Morris (via email)

FILED: NEW YORK COUNTY CLERK 05/13/2022 04:51 PM
NYSCEF DOC. NO. 26
INDEX NO. 850073/2022
RECEIVED NYSCEF: 05/13/2022

Case 22-55893   Filed 05/09/23   Entered 05/09/23 17:28:21   Exhibit A
Pg 16 of 18

# PERKINSCOIe

1155 Avenue of the Americas
22nd Floor
New York, NY 10036-2711

T. +1.212.262.6900
F. +1.212.977.1649
PerkinsCoie.com

February 14, 2022

Gary F. Eisenberg
GEisenberg@perkinscoie.com
D. +1.212.262.6902
F. +1.212.977.1632

**VIA EMAIL**

Ilan Markus, Esq.
Barclay Damon LLP
545 Long Wharf Drive, Ninth Floor
New Haven, CT 06511
Email: IMarkus@barclaydamon.com

Re: That certain loan ("Loan") evidenced, in part, by (i) that certain Loan Agreement dated as of September 18, 2018 (the "Loan Agreement") between GOLDEN SEAHORSE LLC, a Delaware limited liability company ("Borrower") and LADDER CAPITAL FINANCE LLC, a Delaware limited liability company ("Original Lender"), and (ii) that certain Consolidated, Amended and Restated Promissory Note dated September 18, 2018 (the "Note") executed by Borrower in favor of Original Lender, in the original principal sum of $137,250,000.00, which Loan is secured, among other things, by that certain Consolidated, Amended and Restated Fee and Leasehold Mortgage, Assignment of Leases and Rents, Security Agreement, and Fixture Filing dated as of September 18, 2018 (the "Mortgage") executed by Borrower, as mortgagor, in favor of Original Lender, as mortgagee, relating to that certain property more particularly described therein (the "Property")

Dear Mr. Markus:

As you know, our firm represents Wilmington Trust, National Association, as Trustee for the benefit of the registered holders of Commercial Mortgage Pass-Through Certificates Series 2018-C6 (the "Trust", "Noteholder" or "Lender"). The Noteholder is the holder of that certain Note A-1 pursuant to which the original Note has been split and is authorized to act on behalf of all current holders of notes into which the original Note was split (collectively, the "Notes"). Such current holders collectively are the current owner of the Note (as split) and Loan Agreement, holder of the Mortgage, and owner of all of the other documents which evidence, secure, or relate to the Loan (collectively, the "Loan Documents"). Midland Loan Services, a division of PNC Bank, National Association ("Midland") is the special servicer of the Loan for the Noteholder. Unless otherwise indicated, all capitalized terms shall have the meanings set forth in the Loan Agreement.

As you know, by letter dated May 26, 2020 (the "Default Letter"), Lender notified Borrower and Guarantor of the occurrence of an Event of Default. By letter dated February 2, 2022 (the

155857839.2
Perkins Coie LLP

Ilan Markus, Esq.
February 14, 2022
Page 2

"Acceleration Letter"), Lender notified Borrower and Guarantor of the acceleration of the Debt and the Loan. By letters dated March 24, 2021, March 26, 2021, July 19, 2021, January 13, 2022 and February 10, 2022 (collectively, the "Funds Application Letter"), Lender notified Borrower and Guarantor of the application of certain funds in the Cash Management Account, the Reserve Accounts and cash and contents therein to certain portions of the Debt.

As the Funds Application Letter noted, Lender holds a security interest in and lien upon the Cash Management Account, the Reserve Accounts and all cash and contents therein.

As of February 11, 2022, Lender has applied the aggregate sum of $545,447.40 from the Cash Management Account and various Reserve Accounts to satisfy portions of the Debt evidenced by Notes A-1, A-2 and A-3, tax escrows and protective advances for legal fees, as set forth in the chart below:

|  | A-1 Note | A-2 Note | A-3 Note |
|---|---|---|---|
| Interest at the Interest Rate through 2/6/2022 | $ 119,161.86 | $ 154,326.18 | $ 110,232.99 |
| Tax Escrow | $ 157,474.86 |  |  |
| Legal Advance | $ 4,251.51 |  |  |

All of the Debt evidenced by any of the Notes (other than the portions satisfied by application of funds from the Cash Management Account and certain Reserve Accounts, as set forth above) remains due and owing in full. The amounts due include, without limitation, interest on the Note at the Default Rate, late charges, unpaid special servicer fees, other fees, charges and expenses, and interest and other fees, charges and expenses accruing on account of Note B. In any event, funds remaining in any Reserve Account continue to secure the Debt and remain subject to Lender's first priority lien and security interest.

The application of the funds as provided above does not, and nothing contained in this letter shall, constitute a waiver of any Event of Default or other default which may exist with respect to the Loan and/or an election of remedies, nor shall it decelerate the Debt or the Loan. The Events of Default noticed in the Default Letter remain uncured and the acceleration set forth in the Acceleration Letter remains in effect. Lender reserves its right to exercise any or all of its rights and remedies under the Loan Documents, singularly, consecutively and/or cumulatively, and all of its rights and remedies available at law and in equity. Borrower is not entitled to any forbearance from Lender of Lender's exercise of any of its rights or remedies, notwithstanding the application of payment of the funds set forth above.

155857839.2
Perkins Coie LLP

FILED: NEW YORK COUNTY CLERK 05/13/2022 04:51 PM
NYSCEF DOC. NO. 26
INDEX NO. 850073/2022
RECEIVED NYSCEF: 05/13/2022

22-10964-mg Doc 1521-1 Filed 05/09/23 Entered 05/09/23 17:28:21 Exhibit A
Pg 18 of 18

Ilan Markus, Esq.
February 14, 2022
Page 3

Moreover, any partial or scheduled payments made to Lender (including the payments above), whether or not accepted, shall not constitute a waiver or modification of any default or a forbearance, waiver or postponement of any rights or remedies of Lender. Lender shall be under no obligation to send any further notice or other communication reaffirming this in connection with any payment hereafter accepted by Lender notwithstanding the transmission of this letter with respect to the application of payment of the funds described above.

This letter is written without prejudice to, and shall not be construed as a waiver or postponement of, any of the rights and remedies of the Lender, all of which the Lender expressly reserves.

*[signature]*

Gary F. Eisenberg

GFE:moc

cc:   Mr. Kyle Morris (via email)

155857839.2
Perkins Coie LLP