**TARTER KRINSKY & DROGIN LLP**
*Attorneys for Golden Seahorse LLC*
*Debtor and Debtor-in-Possession*
1350 Broadway, 11th Floor
New York, New York 10018
(212) 216-8000
Scott S. Markowitz, Esq.
Rocco Cavaliere, Esq.
smarkowitz@tarterkrinsky.com
rcavaliere@tarterkrinsky.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------- x

In re:                                                   :

                                                         :    Chapter 11

GOLDEN SEAHORSE LLC,                                     :

                                                         :    Case No.: 22-11582 (PB)

                              Debtor.                     :

------------------------------------------------------- x

### DECLARATION OF JIANFENG QIN IN SUPPORT OF DEBTOR'S OBJECTION TO CLAIM NO. 21-1 FILED BY W&D CONSULTANTS CORP.
#### *Claim No. 21-1: $9,015,500.00*

**Jianfeng Qin** declares pursuant to 28 U.S.C. § 1746, as follows:

1.      I am the Debtor's assistant general manager and authorized representative in the above-captioned Chapter 11 case.

2.      In my capacity as the Debtor's assistant general manager, I am fully familiar with the Debtor's day to day operations, business and financial affairs and books and records. I am duly authorized to make this declaration (the "Declaration") on behalf of the Debtor and I am competent to testify, to the extent necessary.

3.      I submit this declaration in support of the Debtor's objection (the "Objection") to the Claim (defined below) of W&D Consultants Corp. ("W&D"), pursuant to § 502 of the Bankruptcy Code, 11 U.S.C. §§ 101-1532 and Rules 3001 and 3007 of the Federal Rules of Bankruptcy Procedure.

4.    I have reviewed the Objection and all exhibits thereto and adopt as my testimony the various statements and facts set forth in the Objection.

5.    W&D asserts a claim (Claim No. 21-1 on this Court's Claims Register, the "Claim") in the amount of $9,015,500.00 against the Debtor. W&D asserts the Claim is based upon the "services performed."

6.    The Claim has several attachments purporting to demonstrate W&D and the Debtor entered into a consulting agreement or otherwise agreed W&D would provide consulting services to the Debtor subsequent to the Filing Date[1], pursuant to which W&D agreed to assist the Debtor in its efforts to enter into an agreement with the City of New York or an agency of the City of New York to house asylum seekers at the Hotel. The Debtor never entered into any agreement with W&D and W&D performed no services related to the contract the Debtor ultimately entered into with NYCHH. W&D was nothing more than a proposed consultant that approached the Debtor and presumably other hotels to explore whether a particular hotel owner would be interested in a program with DHS to temporarily house asylum seekers.  After initial discussions with W&D, the Debtor decided not to move forward with any engagement with W&D.

7.    Based on my review of the Claim, my knowledge of the facts and circumstances giving rise to the Claim, and my understanding of the law, as articulated to me by Debtor's counsel and as set forth in the Objection, there is no basis for a breach of contract claim and/or unjust enrichment claim, and thus, the Claim should be entirely expunged for the reasons detailed in the Objection. I have reviewed the Objection and incorporate the arguments set forth in the Objection and I believe them to be true and accurate.

---

[1] Capitalized terms not defined herein, shall have the meaning ascribed to them in the Objection.

Under 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed this 1st day of June 2023

By: _____

Jianfeng Qin