**The US Bankruptcy Court for the Souther District of New York**

| In the Matter of Golden Seahorse LLC | )  22-11582 (PB) |
| --- | --- |
| | ) Motion to Reconsider |

Here comes the Objector Yanhong Wang, the greatest victim of this substantively ungrounded, wasteful, procedurally defective, extrinsically fraudulent Chapter 11 proceedings, by and through her underground counsel Ning Ye, Esq. *, to respectfully pray to this Honorable Court that the Order (Doc 510) Granting 2nd Amended Reorganization Plan (Doc must be reconsidered, and the Plan must be returned to the Proponents for modification and amendment before further more fundamental, more severely impaired, thus harmful issues were brought before this Honorable Court.   First of all, this Counsel would like to express his heartfelt appreciation for this Honorable Court 's to grant all parties with 14-day window to present possible remedial proposals.

This Honorable Court has denied the interested Relator and Objector Yanhong Wang's "Objection", prepared under the greatest time pressure, to the "2nd Amended Reorganization Plan" on 10/08/2024 mostly by finding of "Latches", given to this Court's wisely balancing Bench holding on 10/07/2024  that such latches might have been contributed by Petitioner Jubao Xie's unreasonably withholding of the notice of

---

This undersigned counsel has to file Paper upon repeated urge of Ms. Yanhong Wang who has unreasonably lost what she claimed enormous assets in skyrocketed size from this dishonestly, to say the least, (analytical briefing will be followed.) filed Chapter 11 Petition, with his appreciation of his co-counsels' extreme caution in a good sense not to burden this Hon. Court given so long a time has lapsed since 11/29/2022. Under the pressure of team work, he has to withdraw several filings in odd with his client's will. Therefore, he has to act, cautiously as well, by himself alone.

filing Chapter 11 Petition to other interested parties 14 months after Petition was docketed.

**The Plan Must Be Returned for Modification Pursuant to 11USC 1127**

By October 15, 2024 Court Order, what this Honorable Court, finally granted, is 2nd Amended Reorganization plan, namely, "Secured Lenders' Second Amended Plan of Reorganization, filed by Gary F. Eisenberg on behalf of Wilmington Trust, National Association, Doc 460.

The fatal error in Doc 460 was it has refused to correct its completely ungrounded, most likely fraudulent disposition proposal concerning what they mistakenly characterized as the "unpaid, leaseless licensees", actually, they are well established lawful tenants paying expensive rents under a valid lease extending to 12/31/2030.

Without correction such highly visible misrepresentation of the Plan, it must be denied. The Position has been deliberated in Defendant Yanhong Wang's Motion to dismiss the Adverary Proceedings with solid evidence as Doc 20, in case 24-04011 (PB). The Motion was unanswered as of today.

**No Latches Regarding 10/15/2024 Order Granting 09/20/2024 2nd Amended Plan**

This 2nd Amended Plan is what the victimized interested Party Yanhong Wang has objected, was freshly docketed on 09/20/2024, with its full name and final version, say, "Secured Lenders' Second Amended Plan of Reorganization, filed by Gary F. Eisenberg on behalf of Wilmington Trust, National Association." Even if the 1st Amended Plan was filed in July 2024, by no means an ancient document that related

interested victim has committed "latches" under the falsely represented lone actor Jubao Xie's long standing willful concealment.

As promptly as 09/28/2024, about one week after the Amended Reorganization Plan was filed and docketed, the interested relator, the heavily harmed victim Yanhong Hong filed an "Objection to Amended Reorganization Plan (Doc 466 Opposition to Doc 460)

Therefore, the Petition for Inconceivably devised Chapter 11 Voluntary Bankruptcy Protection Petition was first docketed by a suspicious fellow with this Court, the Amended Reorganization Plan by its final Version being opposed by interested relator Yanhong Wang was presented to this Court on September 20, 2024 , and was verbally approved, under timely Objection, on October 8 2024, and the Verbal Decision was reduced into writing on October 15, 2024.

Assuming the finding of "Latches" were accurate, the Honorable Court also found the contributory cause of the Latches was Petitioner and his counsel's withholding of the petition (to say the least-added) until 01/04/2024, (with unknown reason-added). Even if the finding of Latches were accurate, it is not jurisdictional, as former counsel Mr. Todd Phillips pointed out in his letter addressed to this Honorable Court by citing binding authorities.

The Reorganization Plan was first proposed by the Petitioner in April 2024.  This fact does not legitimize the fatal error in the 2nd Amended Reorganization Plan.  On the contrary this factual truth raised a more severe problem: Proponents of the Plan has ample opportunity to correct the Plan's misrepresentation to the Court knowing its being fraudulent.

The 2nd Reorganization Plan designed and devised request for the Federal Court Marshal to evict what they falsely misrepresented "unpaid licensees", say, Ms. Yanhong Wang and her daughter Zixin Xie from 103 Washington Street. When Proponents of the Plan was shown the valid Lease together with proof of rental payments, they had then sufficient time window to correct their misrepresentation by amending the Plan through weeding out the fatality part therefrom, yet they refused to do it apparently in bad faith.

**Arguments:**

The Confirmation Order must be reconsidered for its violation of 11 USC 1123 (a) (3) and (4), in knowing or reckless failure of abiding by 11 USC 1123(b)(2) and (3) apparently in bad faith within an ample time during which the Proponents may have sufficient time and resource to honestly solve the "unexpired lease" problems in good faith pursuant to 11 USC 1123 (b), yet they chose to make willful misrepresentation through to the end by misleading the Court to make rush decision of a premature confirmation. Proponents knew or should have known knowing the disposition of 103 Washington Street as an integral part of the Plan yet attempting to usurp the Court's power resorting to Marshal's Action, to illegally evict what they fraudulently characterized "unpaid licensees", who have been proven to be paying tenants under a long term valid lease for the premises at 103 Washington Street.

The Plan must be returned to the proponent by this Honorable Court's *sua sponte* power because Proponents have intentionally and maliciously missed their "prior to Comfirmation" time window to modify and correct their plan in good faith pursuant to , given to Objector-Tenant-founder of the property Ms. Yanhong Wang moved to dismiss the adversary proceedings (Doc 20, 24-04011). Therefore, without this Honorable

*Court's sua sponte* approval, these proponents are statutorily barred from post-confirmation modification pursuant to 11 USC 1127 (a). Under such a circumstances the Plan must be denied, for the Proponents' own derailing of their "joint efforts", the efforts to mislead this Honorable Court.

In further action, Objectot Yan Hong Wang, the founder and financier who funded the building of the Hotel, would like to present to this Honorable Court why should this fraudulently filed by virtually a "nobody" Mr. Jubao Xie should be dismissed by its entity *nunc pro tunc* with sanction pursuant to 28 USC 1927.

The Plan must be returned to the Proponents, petitioners and Respondents all together as a seamless corroborating group, to modify according to 11 USC 1023 (b) (2) and (b)(3)(A)

With return of the Plan for modification, this Honorable Court should ensure that the Plan is "proposed in good faith and not by any means forbidden by law" or to impair any legitimate interests protected by law. In the light of 11 USA 1129.

Respectfully submitted by

*Ning Ye*

Ning Ye, Esq.
Counsel for the Objector Yanhong Wang

Certificate of Service

This undersigned hereby certifies that a copy of this Motion is hereby served upon all Parties via their counsels by this Court's ECF Broadcasting Services on this 24th day of October, 2024.

_____

/s/Ning Ye